[Cite as *State v. Johnson*, 2014-Ohio-1751.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130435 |
| | | TRIAL NO. 12CRB-29399 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JOSHUA JOHNSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed in Part, Sentence Vacated, and
                               Cause Remanded

Date of Judgment Entry on Appeal: April 25, 2014

*Terry Nester*, Acting City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Eric Cook*, Assistant City Prosecutor, for Plaintiff-Appellee,

*David Hoffman*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    In one assignment of error, defendant-appellant Joshua Johnson claims that the trial court improperly modified his sentence after it had been imposed.  The state concedes the error, and we agree.

{¶2}    On June 19, 2013, Johnson was sentenced to 180 days in jail for aggravated menacing.  The trial court imposed 90 days, suspended the remainder, and placed him on one year of community control.  The trial court ordered Johnson to be evaluated while he was in custody to determine if he was amenable to substance-abuse treatment.  On June 28, Johnson was returned to court.  The trial court then resentenced him to 180 days in jail, with the expectation that he would be participating in a treatment program.  On July 8, the trial court denied Johnson's motion to mitigate his sentence, finding that he had not complied with treatment recommendations.

{¶3}    Johnson argues that once he had been sentenced on June 19, the trial court lost jurisdiction to modify the sentence.  We agree.  Generally, Ohio trial courts lack the authority to reconsider their own valid final judgments in criminal cases. *State v. Gilbert*, 1st Dist. Hamilton No. C-110382, 2013-Ohio-238, ¶ 5, citing *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, paragraph one of the syllabus. Once the trial court sentenced Johnson and that entry was journalized, that judgment became final.  *Id.*  At that point, the trial court lost jurisdiction to modify Johnson's sentence.

{¶4}    Since the trial court improperly modified Johnson's sentence after it had become final, we sustain Johnson's sole assignment of error. We vacate Johnson's sentence and remand this cause to the trial court to reinstate the original sentence entered on June 19. We affirm the judgment of the trial court in all other respects.

Judgment affirmed in part, sentence vacated, and cause remanded.

**CUNNINGHAM, P.J.**, and **HILDEBRANDT, J.**, concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.

3