[Cite as *State v. Cauthen*, 2015-Ohio-272.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130475 |
| | | TRIAL NO. B-1107852 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JASMINE CAUTHEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas Court

Judgment Appealed From Is:  Affirmed In Part, Sentence Vacated In Part, and Cause Remanded

Date of Judgment Entry on Appeal:  January 28, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michaela M. Stagnaro*, for Defendant-Appellant.

Please note:    this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}     Defendant-appellant Jasmine Cauthen appeals from the community-control sanction imposed for forgery, punished as a fifth-degree felony. Cauthen had tendered a counterfeit bank check in the amount of $538.21 at a CheckSmart store. Because the trial court's imposition of a full-time work requirement as a condition of Cauthen's community control was not reasonably related to the goal of rehabilitation, when Cauthen had informed the trial court at sentencing that she was unable to work full-time without forfeiting her disability benefits, and that she had been unable to work full-time in the past because of her mental-health issues, we vacate that portion of her sentence. We affirm Cauthen's sentence in all other respects.

{¶2}     On March 8, 2012, Cauthen entered a plea of guilty to the single count of forgery. A presentence-investigation report was prepared. She was found eligible for treatment in lieu of conviction, and the matter was referred to the common pleas court's mental-health docket. Cauthen remained under the supervision of the mental-health docket for one year. Cauthen, who suffers from bipolar disorder, ultimately was unable to comply with the conditions imposed, including the financial sanctions.

{¶3}     On July 10, 2013, Cauthen, then 24 years old, appeared before the trial court. She again entered a plea of guilty to the single count of forgery. With the consent of Cauthen's counsel, the trial court proceeded to sentence Cauthen immediately after accepting her plea. Cauthen's counsel spoke briefly in mitigation. The trial court imposed a three-year period of community control. It carefully explained to Cauthen that the conditions of the community-control sanction required the following: pay court costs and public defender attorney fees; pay a $100 fine; pay restitution of $538.21 to CheckSmart; perform 200 hours of community service; submit to random urine screenings; and obtain full-time employment within 30

days. The court informed Cauthen that the sanction for violating her community control included a prison term of 18 months.

{¶4} The trial court asked Cauthen if she understood the terms of the sentence. Cauthen personally informed the trial court that she would jeopardize her Social Security disability benefits by working full time. Cauthen received benefits because of her mental-health issues. She had received those benefits for a number of years. Cauthen told the court that she had not been able to work full-time in the past due to her mental-health issues, and that she had "only worked a couple of days, a couple of weeks, two weeks" and that it had not "work[ed] out." The court advised Cauthen to speak with her counsel. Cauthen then stated to the court that "I can work part-time. I can't work full-time." Cauthen offered to obtain the order limiting her work hours. She told the court, "I can go get it now." The trial court responded, "No. You bring that in on a later date and I'll adjust this. But right now I'm ordering you to get a full-time job in 30 days." The court informed Cauthen that she "need[ed] to report to probation at 2 o'clock today." The full-time employment requirement was made part of the trial court's judgment entry.

## I. Ability to Pay Fines and Restitution

{¶5} In her first assignment of error, Cauthen argues that the trial court erred by imposing a fine and restitution as part of her sentence without first considering her present and future ability to pay those amounts.

{¶6} When sentencing a fifth-degree felony offender, the court may impose a sentence consisting of one or more community-control sanctions, including residential, nonresidential, and financial sanctions. *See State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10; *see also State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, ¶ 6. Before imposing a financial sanction under R.C. 2929.18 or a fine under R.C. 2929.32, however, the trial court is

3

required to consider the offender's present and future ability to pay those amounts. *See* R.C. 2929.19(B)(5*)*; *see also State v. Andrews*, 1st Dist. Hamilton No. C-110735, 2012-Ohio-4664, ¶ 30. While the court need not evaluate any express factors or make any findings, there must be some evidence in the record that the court considered the offender's present and future ability to pay. *See Andrews* at ¶ 31. That evidence may include financial information gleaned from the presentence-investigation report or from the offender's own statements. *See id.*

{¶7} Here, there is sufficient evidence that the court considered Cauthen's ability to pay the fine and restitution before imposing them. The presentence-investigation report indicated that Cauthen received a $268 monthly disbursement from the Hamilton County Department of Job and Family Services. Cauthen informed the trial court that she received Social Security disability benefits, that she had had brief-duration part-time jobs in the past, and that she had already paid $100 in restitution to CheckSmart. This portion of Cauthen's first assignment of error is overruled.

### II. *Notification Concerning Community Service in Lieu of Cost*

{¶8} Cauthen next argues, also in her first assignment of error, that the trial court erred by failing to notify her, as required by R.C. 2947.23(A)(1)(a), that if she were unable to pay the imposed court costs or if she failed to do so, she could be required to perform community service in lieu of making cash payments. But pursuant to R.C. 2947.23(A)(1)(b), effective September 29, 2012, the court's failure to advise Cauthen of the possibility of community service did not "negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment * * * or to timely make payments toward that judgment under an approved payment plan." Consequently, there is no longer a need to reverse and remand for resentencing, when the sentencing error involves the

4

failure to notify a defendant of possible community service for neglecting to pay imposed court costs. *See State v. Leonard*, 1st Dist Hamilton No. C-130474, 2014-Ohio-3828, ¶ 38. That portion of the assignment of error is also overruled.

### III. Conditions of Community Control

{¶9} Cauthen next asserts that the trial court erred in imposing certain conditions on her community-control sanction, including drug screening and an obligation to obtain full-time employment within 30 days.

{¶10} R.C. 2929.15(A) governs the authority of the trial court to impose conditions of community control. *See Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, at ¶ 10. If, as here, the trial court has imposed nonresidential community-control sanctions, the "court may impose any other conditions of release under a community control sanction that the court considers appropriate." R.C. 2929.15(A); *see State v. McClure*, 159 Ohio App.3d 710, 2005-Ohio-777, 825 N.E.2d 217, ¶ 4 (1st Dist.).

{¶11} While trial courts are granted broad discretion to fashion appropriate conditions of community control, their discretion is not unlimited. *See Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, at ¶ 10. The community-control conditions must reasonably relate to the goals of "doing justice, rehabilitating the offender, and insuring good behavior." *See id.* at ¶ 12. In determining whether a condition of community control reasonably relates to these goals, the court must consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct that is criminal or reasonably related to future criminality and serves the statutory ends of community control. *See id.*, citing *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990); *see also McClure* at ¶ 8. When an appellant challenges the reasonableness of community-control conditions, we must

5

determine whether the trial court abused its discretion with reference to these considerations. *See Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, at ¶ 10-12. An abuse of that discretion is shown when the court's decision is unreasonable, arbitrary, or unconscionable; that is, when the trial court issues a ruling that is not supported by a sound reasoning process. *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, citing *AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

### *A. Drug Screening*

{¶12} When sentencing Cauthen for the offense of forgery, the trial court placed her on community control for a three-year period with an additional condition that she submit to random drug testing by urine screening. Cauthen asserts that this condition was not reasonably related to her offense or rehabilitation since, as the trial court noted, Cauthen did not have a current drug problem and was not being sentenced for a drug-related offense.

{¶13} The General Assembly has acknowledged that an appropriate community-control sanction may include requiring any offender to submit to random drug testing. *See* R.C. 2929.15(A)(1) and 2929.17(H). Here, the presentence-investigation report revealed that Cauthen suffers from bipolar disorder. She had been convicted of a drug-related offense in 2008 and had numerous juvenile adjudications for offenses, including theft, assault, and carrying a concealed weapon. Cauthen admitted to experimenting with marijuana, powder cocaine, and Ecstasy, and she was receiving psychiatric counseling. We hold that the random-drug-testing condition imposed by the trial court was designed to assist Cauthen with her mental-health issues and was reasonably related to the goal of rehabilitation of the offender. *See State v. Rogers*, 2d Dist. Montgomery No. 24848,

2012-Ohio-4753, ¶ 27. The trial court's decision was supported by a sound reasoning process and was not an abuse of its discretion.

### B. Full-Time Employment

{¶14}   Cauthen also asserts that the trial court erred in imposing, as a condition of community control, the requirement that Cauthen obtain full-time employment within 30 days.

{¶15}   R.C. 2929.17(J) authorizes a trial court to require an offender to "obtain employment" as a condition of community control.  Requiring an offender to work can be an important step in her rehabilitation.  Supporting oneself by legal employment helps end the financial incentive of criminal behavior and can, by itself, be salutary, encouraging a sense of accomplishment and achievement in an offender seeking rehabilitation.

{¶16}   But requiring Cauthen to obtain full-time employment, as opposed to part-time employment, would not advance her rehabilitation.  Cauthen had informed the trial court that she would jeopardize her disability benefits by working full-time.  She had not been able to work full-time in the past due to her mental-health issues.  She had been on the mental-health docket for one year and had failed to satisfy its financial conditions.  Nonetheless, Cauthen was presented with the Hobson's choice of losing her disability benefits by working full-time or being unable to comply with the full-time-employment condition of her community control and being sent to prison.

{¶17}   The trial court acknowledged the impact of Cauthen's dilemma when it offered to "adjust" the employment condition if Cauthen had "documentation that says you cannot work 40 hours, you cannot work full-time, bring that in and * * * I will consider changing my order."   But the trial court's intention to exercise continuing jurisdiction to "adjust" the conditions of community control provided

only an illusory means for Cauthen to escape the otherwise unreasonable full-time-employment condition. Appellate review of a condition of community control is limited to what the judgment entry states and not what a trial court might later modify it to say. *Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, at ¶ 21.

{¶18} Community-control sanctions are part of an offender's sentence. *See* R.C. 2929.01(DD) and 2929.01(EE); *see also Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, at ¶ 6. Because community control is part of the sentence, absent statutory authority, the trial court had no jurisdiction to modify the conditions of that sanction. *See State v. Gilbert*, Slip Opinion No. 2014-Ohio-4562, ¶ 8; *see also State v. Johnson*, 1st Dist. Hamilton No. C-130435, 2014-Ohio-1751. While R.C. 2929.15(C) provides that the trial court may subsequently "impose a less restrictive sanction," it may only do so if the offender has fulfilled the conditions of a community-control sanction "in an exemplary manner" and "for a significant period of time." That is not the case here.

{¶19} While a requirement of obtaining employment had some relation to Cauthen's offense of obtaining money by uttering a forged check, it had the probable effect of ending her rehabilitation. On these facts, the imposition on Cauthen of a full-time-employment condition was not supported by a sound reasoning process. *See Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, at ¶ 14; *see also Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, at ¶ 10-12. We hold that the trial court abused its discretion by imposing that condition as a community-control sanction. Therefore, we sustain in part and overrule in part Cauthen's first assignment of error.

### IV. Ineffective Assistance of Counsel

{¶20}   In her second assignment of error, Cauthen argues that her trial counsel was ineffective for failing to raise various arguments to the trial court at the sentencing proceeding or to seek a brief recess or a continuance while Cauthen retrieved the documentation to support her contention that she was unable to work full-time.

{¶21}   To prevail on her claims, Cauthen must first show that trial counsel's performance fell below an objective standard of reasonable representation, and second, that his deficient performance was so prejudicial that she was denied a reliable and fundamentally fair proceeding.  *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Lockhart v. Fretwell*, 506 U.S. 364, 369-370, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶22}   Cauthen first contends that her trial counsel was ineffective for failing to argue that Cauthen was indigent and lacked the ability to pay the imposed fine, restitution, and costs or that urinalysis screening was not a proper condition of community control.  But in overruling in part Cauthen's first assignment we held that there was sufficient evidence before the trial court from which to conclude that Cauthen had the present and future ability to pay, and that urinalysis screening was reasonably related to her rehabilitation.  Thus, we hold that Cauthen has not demonstrated any deficiencies in counsel's performance, and the assignment of error is overruled, in part, as to these contentions.

{¶23}   Cauthen finally argues that her trial counsel was ineffective for failing to argue that she was unable to work full-time.  Because our resolution of this issue, in the first assignment of error, requires that part of Cauthen's community-control sanction to be vacated, this portion of the second assignment of error is moot under App.R. 12(A)(1)(c).

9

### *V. Conclusion*

{¶24}    Having sustained the first assignment of error, in part, we vacate that part of Cauthen's sentence ordering her, as a condition of community control, to obtain full-time employment within 30 days, and we remand this cause to the trial court for further proceedings.

Judgment accordingly.

**HILDEBRANDT** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.