[Cite as *State v. Henry*, 2025-Ohio-4975.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :         APPEAL NO.    C-250188

                                           TRIAL NO.     B-2405473

     Plaintiff-Appellee,         :

  vs.                       :

JASMINE HENNY,           :         *JUDGMENT ENTRY*

     Defendant-Appellant.    :

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed in part, reversed in part, and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed to plaintiff-appellee.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 10/31/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *State v. Henry*, 2025-Ohio-4975.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,  :     APPEAL NO.   C-250188
                                   TRIAL NO.    B-2405473
    Plaintiff-Appellee,  :

  vs.  :     *O P I N I O N*

JASMINE HENNY,  :

    Defendant-Appellant.  :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: October 31, 2025


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William F. Oswall, Jr.*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Jasmine Henny appeals her sentence, challenging a term of the community-control sanctions imposed upon her following her guilty plea to attempted vandalism, a misdemeanor of the first degree. As a term of the general rules of probation, Henny is prohibited from possessing firearms, requiring her to seek new employment. In her sole assignment of error, Henny contends that the trial court erred when it imposed a condition of community control forbidding her from possessing a firearm. For the following reasons, we reverse the judgment of the trial court in part and remand the cause to the trial court.

### Factual Background

{¶2} Jasmine Henny was indicted for vandalism under R.C. 2909.05(B)(1)(b), a felony of the fifth degree, for causing physical harm to property owned by another where "the property or its equivalent is necessary in order for its owner or possessor to engage in the owner's or possessor's profession, business, trade, or occupation." The State agreed to amend the charge to an attempted vandalism, a misdemeanor of the first degree, and in exchange, Henny agreed to plead guilty to a reduced charge and pay $1,500 in restitution to the victim prior to entering the plea.

{¶3} According to the statement of facts, Henny caused harm to property owned by Hair News, by "grabb[ing] products from the shelf and swip[ing] the merchandise to the ground." Henny also knocked down multiple shelves causing them to break and requiring the business to temporarily close.

{¶4} Henny explained that she was shopping at the store with her daughter when the owner began to follow her around the store. Henny asked the owner why she was being followed and told the owner of her belief that the owner suspected her of stealing. The two women accused each other of racism, and the owner asked Henny

3

to leave. Henny admitted to pulling items off of the shelves before leaving. Henny told the court that she was assaulted by the owner, and another customer told the owner to "get off of [her] or she was going to shoot her."

{¶5} A video of the incident was played in court. The court did not see anyone in the video with a gun. The court told Henny that she appeared completely out of control and "pretty scary" on the video.

{¶6} The trial court sentenced her to two years of community control, the Cognitive Behavioral Intervention ("CBI") program, anger-management classes, 100 hours of community service, 30 days on EMD, and a stay-away order. The court ordered Henny to report to probation after court.

{¶7} Later that day, Henny filed a motion to mitigate the sentence. When Henny reported to probation, probation asked her to sign a list of rules. One of the rules was that she could not possess a firearm. Henny was employed at a pawn shop and asked the court to exempt her from that rule entirely, or in the alternative, exempt her from the rule while at her place of employment.

{¶8} At the hearing on the motion, the court declined to lift the condition, explaining, "This situation -- this was -- she was out of control when I saw the video. Like, somebody like that who is not even like drunk or high or whatever is that out of control should probably not be around guns."

{¶9} Henny now appeals, and in her sole assignment of error, she contends that the trial court erred when it imposed a condition of community control forbidding her from possessing a firearm.

### Community-Control Sanction

{¶10} An appellate court reviews the imposition of a misdemeanor sentence for an abuse of discretion. *See State v. James*, 2022-Ohio-3019, ¶ 14 (1st Dist.) A trial

court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary. *State v. Maynard*, 2023-Ohio-4619, ¶ 22 (1st Dist.). "Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *State v. Chapman*, 2020-Ohio-6730, ¶ 8.

**{¶11}** Misdemeanor community-control sanctions are governed by R.C. 2929.25. The statute authorizes the trial court to impose a jail term (R.C. 2929.24), community residential sanctions (R.C. 2929.26), nonresidential sanctions (R.C. 2929.27), financial sanctions (R.C. 2929.28) and "any other conditions of release under a community control sanction that the court considers appropriate." R.C. 2929.25(A)(1)(a) and (b).

**{¶12}** When imposing a sentence for a misdemeanor, a trial court must consider the two overriding purposes of misdemeanor sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21. "To achieve those purposes, the sentencing court [must] consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). A court "may impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing." R.C. 2927.27(C). A community-control condition "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *State v. Jones*, 49 Ohio St.3d 51, 52 (1990).

**{¶13}** To determine whether a community-control sanction is related to the

three probationary goals, courts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Jones* at 53; *Chapman*, 2020-Ohio-6730, at ¶ 23. All three prongs must be satisfied for a reviewing court to find that the trial court did not abuse its discretion. *State v. Cintron*, 2022-Ohio-305, ¶ 21 (8th Dist.); *State v. White*, 2015-Ohio-3844, ¶ 5 (10th Dist.).

{¶14} Henny contends that prohibiting her from accessing firearms and from working in an establishment that has firearms has no relationship to her offense of conviction and affects her ability to earn a living. Henny also contends that the restriction burdens her right to bear arms, although admittedly, she did not raise this issue in the trial court.

{¶15} The State argues that the condition was reasonably related to rehabilitation due to Henny's "out-of-control temper," and her violent destruction of property warranted a firearms prohibition.

{¶16} However, restricting Henny from her current employment is not reasonably related to her rehabilitation. *See* R.C. 2929.17(J) (authorizing a trial court to require an offender to "obtain employment" as a condition of community control); *State v. Cauthen*, 2015-Ohio-272, ¶ 15 (1st Dist.) ("Requiring an offender to work can be an important step in her rehabilitation. Supporting oneself by legal employment helps end the financial incentive of criminal behavior and can, by itself, be salutary, encouraging a sense of accomplishment and achievement in an offender seeking rehabilitation.").

{¶17} The gun restriction had no relationship to the vandalism conviction.

Henny did not possess, use, or threaten to use a gun while committing the offense. Henny's conviction was based on the physical harm she caused to the property of the business. Although Henny admittedly had anger issues, the court ordered her to complete anger-management courses and the CBI program to address that issue. Although the gun restriction relates to conduct which is criminal or reasonably related to future criminality, to the extent that it prevents Henny from maintaining her employment, it is overbroad. *See State v. Russell*, 2012-Ohio-1127, ¶ 50-51 (12th Dist.) (condition prohibiting defendant from having firearms in his home was overly broad and was modified to allow firearms in his home but not outside the home). Under the specific facts of this case, the trial court abused its discretion when it refused to exempt her from the firearm restriction while at her place of employment. *See id.*

{¶18} Accordingly, we sustain the sole assignment of error.

## Conclusion

{¶19} Having sustained Henny's sole assignment of error, we reverse the trial court's judgment in part and remand the cause to the trial court to modify the community-control condition to exempt Henny from the firearm restriction while at her place of employment. The trial court's judgment is affirmed in all other respects.

Judgment accordingly.

CROUSE and MOORE, JJ., concur.