**The STATE of Ohio, Appellee,**

v.

**PAPA, Appellant.**

[Cite as *State v. Papa* (1990), 66 Ohio App.3d 146.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56519.

Decided Feb. 12, 1990.

*John T. Corrigan,* Prosecuting Attorney, and *Ester Harber,* Assistant Prosecuting Attorney, for appellee.

*Thomas Kondzer,* for appellant.

FRANCIS E. SWEENEY, Judge.

Defendant-appellant Emil Papa was indicted for a single count of theft (R.C. 2913.02), a felony of the third degree. Appellant originally entered a plea of not guilty to the indictment on December 30, 1987. On May 3, 1988, appellant withdrew his not guilty plea and pled no contest to the indictment. The court made a finding of guilty. Appellant timely appeals from the judgment entry of the court of common pleas rendered on September 8, 1988. For the reasons

set forth below, we affirm as modified Assignments of Error I and II and overrule Assignment of Error III.

After finding the appellant guilty on May 3, 1988, the court asked appellant if appellant was aware there would be civil litigation involving this matter and that the court "doesn't look at itself as a collection agency for other people." The defendant answered, "Yes, sir."

On June 22, 1988, the court journalized the following entry in this case:

" * * * said defendant, Emil J. Papa, Jr., shall be imprisoned and confined in the Correctional Reception Center, Orient, Ohio for a term of two (2) years and pay a fine of $2,000.00 and pay the cost of this prosecution for which execution is awarded.

"Execution of time suspended. Defendant to serve five (5) years probation, pay fine of $2,000.00 within ten (10) months and restitution of $57,490.88 within five (5) years."

In a second journal entry also dated June 22, 1988, the court stated:

"The Court, on its own motion, changes the terms of probation to a $2,000.00 fine. The Court finds that because of a possible discrepancy in the amount of restitution that this should be resolved by civil litigation."

On September 8, 1988, the court journalized the following entry:

"Defendant's terms of probation corrected to read: Defendant is on 5 years probation. Defendant to pay $2,000.00 fine. Restitution is ordered resolved by civil litigation."

## ASSIGNMENT OF ERROR

### I

"Trial court erred in attempting to modify the defendant's sentence on September 8, 1988 after the defendant had previously been sentenced on June 22, 1988 and the defendant had commenced execution of the sentence."

### II

"Assuming arguendo that the trial court had authority to enter the judgment journalized on September 8, 1988, the court's entry of the judgment without conducting a hearing and affording the defendant an opportunity to be present at the court violated the defendant's rights under the Ohio and Federal Constitution[s] and Criminal Rule 43."

Appellant contends that the second journal entry dated June 22, 1988 supersedes the first entry dated June 22, 1988, eliminating that portion of the sentence requiring appellant to serve five years of probation. Appellant

further argues that the September 8, 1988 journal entry modifies appellant's sentence of June 22 and is void because appellant had commenced execution of the sentence and was not present under Crim.R. 43. We agree with appellant.

■ The law is that a criminal sentence may be modified before execution of the sentence commences if the circumstances justify that action without being barred by double jeopardy restrictions. *Beatty v. Alston* (1975), 43 Ohio St.2d 126, 72 O.O.2d 70, 330 N.E.2d 921. Thus, both entries dated June 22 were within the court's jurisdiction.

We interpret the language of the first entry of June 22 as requiring appellant serve five years' probation only to allow him five years to make restitution. Since the court stated its intention not to require restitution at the hearing, it appears that the court filed the second entry of June 22 to eliminate restitution. When the court deleted the restitution, the condition of five years' probation was also eliminated. The second entry clearly states that it " * * * changes the terms of probation to a $2,000 fine." Nowhere in the entry does it state that the five years' probation is continued. Thus, we find that the second entry correctly constitutes the court's sentence of appellant, requiring him to be on probation only until he pays a $2,000 fine.

■ As to the September 8, 1988 journal entry, appellant correctly states that the court cannot modify a sentence after execution of the sentence has commenced. *Columbus v. Messer* (1982), 7 Ohio App.3d 266, 7 OBR 347, 455 N.E.2d 519. The record indicates that the September 8, 1988 entry was made after the appellant had commenced execution of his sentence and paid the fine and court costs. Furthermore, the appellant was not present when the court journalized the September 8 entry as required by Crim.R. 43. Thus, we conclude the entry is invalid because it attempts to modify the sentence imposed on the appellant by the second entry of June 22, 1988.

Assignments of Error I and II are affirmed as modified.

## ASSIGNMENT OF ERROR

### III

"Assuming arguendo that the trial court had authority to enter the order of September 8, 1988, that order is invalid to the extent that it delegates to the civil courts the right to set the amount of restitution to be paid by the defendant, Emil J. Papa, Jr. and to the extent that it orders restitution in violation of the plea bargain agreement."

Appellant argues that the last sentence of the September 8, 1988 order, "Restitution is ordered resolved by civil litigation," is invalid in that it

delegates to the civil courts the right to set the amount of restitution to be paid by the appellant and to the extent that it orders restitution.

An examination of the language used by the court leads us to conclude that the court meant only that restitution should be sought, if at all, in a civil and not a criminal proceeding. Appellant's contention that the criminal court ordered restitution or would enforce any action involving restitution is not well founded in light of the June 22 journal entries and the court's statement that it would not act as a collection agency. This assignment of error is overruled.

*Judgment affirmed*
*as modified.*

JOHN V. CORRIGAN and DYKE, JJ., concur.