The STATE of Ohio, Appellee,

v.

HOOKS, Appellant.

[Cite as *State v. Hooks* (1998), 128 Ohio App.3d 750.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73642.

Decided July 6, 1998.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Macy Lee,* Assistant Prosecuting Attorney, for appellee.

*Henry F. DeBaggis,* for appellant.

---

*Per Curiam.*

Defendant-appellant Lacy Hooks ("appellant") appeals from the trial court's post-sentencing order requiring appellant to vacate his residence. Appellant assigns the following error for our review:

"The trial court erred by imposing a post–sentencing order on the defendant requiring that he vacate his residence within seven days where there was no finding that the defendant violated any term or condition of the community control sanction imposed."

Finding appellant's appeal to have merit, the post-sentencing order of the trial court is reversed.

I

On February 13, 1997, appellant was issued an indictment charging him with gross sexual imposition in violation of R.C. 2907.05. This charge stems from an incident in which appellant grabbed the buttock of a nine-year-old girl from his neighborhood while he was giving her a hug. The girl, who went to appellant's house to return his snow shovel, was wearing a snowsuit at the time.

On May 15, 1997, appellant pleaded no contest to the charge set forth in the indictment and was subsequently found guilty by the trial court. On June 11, 1997, the trial court sentenced appellant to five years of community control sanctions pursuant to R.C. 2929.15. Appellant's community control sanctions included the following probationary conditions: (1) appellant was to partake in a sex offenders program, (2) appellant was to have no contact with his victim or the

victim's family, (3) appellant was to submit to random urine tests for alcohol, and (4) appellant was to pay a $1,000 fine.

On December 1, 1997, the trial court conducted the continuation of a hearing regarding appellant's living situation. Although appellant had not violated the conditions of his community control sanctions, his probation officer raised concerns about the fact that appellant and his wife had rented the upstairs apartment of their house to a family with two young daughters.

During the hearing, the trial court heard testimony from Luvedia Bonner. Bonner and her fiancé, George Smith, lived in the upstairs apartment of appellant's house with her two daughters, ages eleven and nine. Bonner testified that she and her daughters were comfortable living upstairs from appellant.

The trial court also heard from appellant, appellant's wife, and Dean Fazekas. Fazekas, a therapist with the West Side Community Health Center, worked with the adult sex offender treatment program that appellant was attending. According to Fazekas, the results of an examination taken by appellant indicated that appellant had a sexual interest in young females. Fazekas also testified that appellant has attended the adult sex offenders treatment program, although appellant has neither "actively participated" in the group sessions and discussions nor completed his homework.

At the conclusion of the hearing, the trial court ordered that appellant vacate his residence within seven days. The trial court's order, like the hearing conducted on December 1, 1997, was not based on any alleged violations of the conditions of appellant's community control sanctions. To the contrary, the trial court expressly based its order on the court's concerns for the welfare of Bonner's minor children.

## II

In his sole assignment of error, appellant asserts that the trial court's post-sentencing order requiring appellant to vacate his residence violated state and federal double jeopardy restrictions.

The Double Jeopardy Clauses of the state and federal Constitutions prevent multiple punishments for the same conviction. *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 119, 30 OBR 218, 218–220, 506 N.E.2d 936, 937–938. Double jeopardy restrictions prevent a trial court from modifying a sentence after execution of that sentence has commenced. *Columbus v. Messer* (1982), 7 Ohio App.3d 266, 268, 7 OBR 347, 348–349, 455 N.E.2d 519, 521–522. It is well established that once execution of sentence has begun, the trial court may not amend the sentence to increase the punishment. *In re Zilba* (1996), 110 Ohio App.3d 258, 261, 673 N.E.2d 997, 999, citing *State v. Greulich* (1988), 61 Ohio

App.3d 22, 572 N.E.2d 132; *Columbus v. Messer, supra; United States v. Benz* (1931), 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354.

■ In addition, the trial court may not modify the terms of a defendant's probation after execution of his sentence has commenced if the defendant has satisfied the originally announced terms of that probation. *State v. Papa* (1990), 66 Ohio App.3d 146, 148, 583 N.E.2d 1044, 1045–1046. R.C. 2929.15(B) authorizes the post-sentencing imposition of more restrictive community control sanctions only if the original probationary conditions have been violated.

■ In the instant case, the post-sentencing order requiring appellant to vacate his residence constituted an additional punishment for the same conviction. The trial court, by imposing an additional sanction, increased appellant's punishment after execution of his original sentence to community control sanctions had commenced.

We note that the record is devoid of any finding that appellant violated his community control sanctions. Therefore, the trial court's post-sentencing order requiring appellant to vacate his residence was not issued, pursuant to R.C. 2929.15(B), in response to a violation of appellant's original community control sanctions. Instead, the order was expressly intended to provide Bonner's daughters with a safe environment. This order, no matter how well intentioned, constituted a clear violation of double jeopardy restrictions.

Accordingly, appellant's sole assignment of error is sustained, and the trial court's post-sentencing order requiring appellant to vacate his residence is overturned.

*Judgment reversed.*

PATRICIA A. BLACKMON, A.J., KARPINSKI and SPELLACY, JJ., concur.