[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This is an accelerated appeal from the Clermont County Court of Common Pleas in which defendants-appellants, Paul Daniels ("Daniels") and William H. Puckett ("Puckett"), separately appeal[1] the denial of their respective motions or credit for time served in a community-based correctional facility.
After they both pled guilty to one count of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1), a fourth degree felony under R.C. 4511.99, the trial court sentenced both Daniels and Puckett to five years of community control sanctions, including incarceration in the Clermont County Jail for a period of six months, "or until [they are] accepted into the Community Based Correctional Facility[.]" Both Daniels and Puckett violated the terms and conditions of their community control sanctions. On August 26, 1999, the trial court revoked Puckett's community control sanctions and sentenced him to three hundred and five days in the Clermont County Jail. On September 21, 1999, the trial court revoked Daniels' community control sanctions and sentenced him to one year in jail. While the trial court credited Daniels for time previously spent in the county jail, it refused to credit either Daniels or Puckett for time spent in the community-based correctional facility.
Under their respective first assignments of error, Daniels and Puckett claim the trial court erred in not crediting them for time spent in the community-based correctional facility. Their first assignments of error are overruled on the basis of R.C.2949.08 (which applies only to reduction of misdemeanor sentences for prior confinement) and R.C. 2967.191 (which solely governs reduction of a prison term for prior confinement).
Under his second assignment of error, Daniels claims that the trial court's failure to credit time served in a community-based correctional facility against a sentence imposed for violation of the community control sanctions violates state and federal double jeopardy restrictions. The assignment of error is overruled on the basis of State v. Awan (1986), 22 Ohio St.3d 120, and State v.Hook (1998), 128 Ohio App.3d 750.
In each case, the judgment of the trial court is affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form.
A certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
 ___________________________________ Stephen W. Powell, Presiding Judge
 ___________________________________ James E. Walsh, Judge
 ___________________________________ Anthony Valen, Judge
[1] Due to the similarity of the legal issues involved, these two appeals were consolidated on or about February 4, 2000.