DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas wherein the trial court amended the terms of appellant's probation upon the recommendation of appellant's probation officer. Appellant now appeals, setting forth the following assignment of error:
 "The trial court, by imposing a post-sentence order on Appellant requiring that he have absolutely no contact with minors, violated Appellant's state and federal protections against being subjected to double jeopardy."
The following facts are relevant to this appeal. Appellant, Todd M. Heath, was originally indicted on fourteen counts of various sexual offenses against minors on March 12, 1991. He entered guilty pleas, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to two counts of gross sexual imposition, each a third degree felony in violation of R.C. 2907.05(A)(3), and one count of illegal use of a minor in nudity, a second degree felony in violation of R.C. 2907.323. The court found appellant guilty of all three charges, and sentenced him to serve two concurrent terms of one and one-half years in prison for the gross sexual imposition convictions, and a concurrent term of four to ten years in prison for the illegal use of a minor in nudity conviction. The trial court subsequently corrected an error in sentencing regarding the illegal use of a minor and resentenced appellant to four to fifteen years for that count.
The trial court granted appellant's motion for early release on January 30, 1998, and placed him on probation. The terms of his probation read as follows:
 "1) Five years probation; 2) submit to random urinalysis with negative results; 3) seek and maintain verifiable employment; 4) LCAPD'S Sexual Offenders Program; 5) no contact with the victim(s) of this offense; 6) no unsupervised contact with minors; 6) [sic] Electronic Monitoring is continued until 06/11/98."
On November 16, 1999, the trial court amended the terms of appellant's probation, adding that he was to have "absolutely no contact (i.e., in person, telephonically, electronically, letter/mail) with minors." This court granted appellant's motion for a delayed appeal on April 3, 2000.
The court notes that appellee, the state of Ohio, did not file a brief in this case. Rather, appellee filed a notice in which it stated it would rely upon the record filed in this court. Appellee also requested that this court reinstate the trial court's original journal entry which required supervised visitation with minors if this court reversed the trial court's decision amending appellant's probation.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, and the Double Jeopardy Clause of Section 10, Article I, of the Ohio Constitution, have two basic functions. First, the Double Jeopardy Clause protects every person from being prosecuted for an offense after having been acquitted, convicted, or punished for that offense. United Statesv. Halper (1989), 490 U.S. 435, 440, reversed on other grounds by Hudsonv. United States (1997), 522 U.S. 93; North Carolina v. Pearce (1969),395 U.S. 711, 717; State v. Johnson (1983), 6 Ohio St.3d 420, 421, reversed on other grounds by Ohio v. Johnson (1984), 467 U.S. 493; andState v. Moss (1982), 69 Ohio St.2d 515, 518, certiorari denied (1983),459 U.S. 1200. Second, the Double Jeopardy Clause prohibits the judicial system from seeking or imposing more than one punishment for the same offense. United States v. Albernaz (1981), 450 U.S. 333, 344.
Appellant claims that the trial court neither conducted a hearing nor notified him before amending the terms of his probation. In addition, appellant contends that there was no probation violation filed prior to the court's action. Thus, appellant asserts, the amended probation term amounts to additional punishment for the same conviction.
Appellant cites to the case of State v. Hooks (1998),128 Ohio App.3d 750, an analogous case in which the appeals court stated:
 "* * * the trial court may not modify the terms of a defendant's probation after execution of his sentence has commenced if the defendant has satisfied the originally announced terms of that probation. State v. Papa (1990), 66 Ohio App.3d 146, 148, 583 N.E.2d 1044."
Appellant further cites to R.C. 2929.15(B) which authorizes the court to impose more restrictive community control sanctions following sentencing when the original probationary conditions have been violated.
Following a thorough review of the record in this case, we note that there is no indication appellant violated the original terms of his probation. Nor is there any indication that appellant was notified prior to the amendment of his probation, or that any hearing was conducted. According to appellant's brief, the trial court imposed the additional term on the recommendation of appellant's probation officer.
Although the trial court appears to have acted for the public good, to protect all minors who may come into contact with appellant, the order increasing the terms of appellant's probation violated double jeopardy. Therefore, appellant's sole assignment of error is found well-taken and the former terms of probation are reinstated. The November 16, 1999 order of the Lucas County Court of Common Pleas modifying appellant's probation is hereby vacated. The trial court is hereby instructed to reinstate the original probation terms imposed on January 30, 1998, including that appellant have no contact with the victims and no unsupervised contact with minors. Appellee is ordered to pay the costs of this appeal.
 JUDGMENT VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., JUDGE
Melvin L. Resnick, J., Mark L. Pietrykowski, J., JUDGE, CONCUR.