[Cite as *Bay Village v. Barringer*, 2015-Ohio-4079.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102432

---

## CITY OF BAY VILLAGE

PLAINTIFF-APPELLEE

vs.

## MARK E. BARRINGER

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Rocky River Municipal Court
Case No. 12CRB2802

**BEFORE:** McCormack, J., Keough, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** October 1, 2015

**ATTORNEY FOR APPELLANT**

Christopher A. Godinsky
7835-B Freeway Circle
Middleburg Heights, OH    44130


**ATTORNEY FOR APPELLEE**

Gary A. Hotz
24461 Detroit Road, Suite 209
Westlake, OH    44145

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Mark Barringer, appeals the imposition of stricter sanctions and the extension of his community control term based on the trial court's conclusion that he failed to comply with the terms of the plea agreement. For the following reasons, we reverse the decision of the trial court and vacate the December 4, 2014 order, which basically resentenced Barringer to three additional years of community control with stricter terms of compliance.

{¶2} The procedural posture of the case militates against the trial court's jurisdiction to impose an extended term of community control. Factually, it suffices that based on neighbors' inability to amicably co-exist, Barringer pleaded no contest and was found guilty of a violation of a temporary protection order, a first-degree misdemeanor. As part of the plea agreement, Barringer agreed to move out of the city of Bay Village.[1] At the time, he was residing at the home of his elderly parents, he cared for his parents, and he stored tools for his employment at their home. The trial court, in February 2013, sentenced Barringer to a suspended 180-day jail term and two years of basic community control, with the added requirement that Barringer receive boundary-issue counseling.

{¶3} Over the next two years, the trial court continually modified the terms of the community control to "reflect" the plea agreement. At first, the trial court ordered GPS monitoring to ensure that Barringer was not living in Bay Village. In *Bay Village v. Barringer*, 8th Dist. Cuyahoga No. 100959, 2014-Ohio-4816 ("*Barringer I*"), this court

---

[1]The propriety of such a condition is not before this court.

affirmed the trial court's GPS monitoring order. Shortly thereafter, Barringer was ordered to spend only one hour per day in Bay Village and the original two-year term of community control was extended for an additional three years. There was no violation of community control found or even referenced in the record.

{¶4} Barringer appealed the extension of community control, advancing four assignments of error, the first of which implicated the Double Jeopardy Clause of the United States Constitution. Barringer claims that without a proven violation, the trial court's modification of the community control portion of his final sentence constituted double jeopardy. Although raised in terms of constitutional protections, the Ohio Supreme Court's recent decision in *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, is dispositive and predicated on the same concepts of finality.[2]

{¶5} The trial court's order extending the term of community control was specifically premised on the belief that Barringer failed to comply with the terms of the plea agreement. The trial court, however, was without jurisdiction to resentence Barringer based on the noncompliance with the terms of the plea agreement. Although we previously affirmed the use of GPS monitoring, our decision was issued on the

---

[2]It should be noted that generally, a trial court may not modify the terms of community control sanctions after the sentence was imposed, if the defendant satisfied the originally announced terms. R.C. 2929.15(B) and 2929.25(D) authorize the post-sentencing imposition of more restrictive community control sanctions only if the original conditions were violated. *State v. Hooks*, 128 Ohio App.3d 750, 753, 716 N.E.2d 778 (8th Dist.1998), citing *State v. Papa*, 66 Ohio App.3d 146, 148, 583 N.E.2d 1044 (8th Dist.1990).

immediate heels of, and without reference to, the Ohio Supreme Court's decision in *Gilbert*, in which the court clarified that "once a defendant has been sentenced by a trial court, that court does not have jurisdiction to entertain a motion by the state to vacate the defendant's guilty plea and sentence based upon the defendant's alleged violation of a plea agreement." *Id.* at syllabus. "'Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment.'" *Id.* at ¶ 8, quoting *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 1.

{¶6} In *Gilbert*, the defendant agreed to testify in exchange for a favorable plea deal. The defendant, however, was sentenced before testifying and when called upon to testify, the defendant predictably reneged. The defendant was already serving his sentence, and the Ohio Supreme Court held that the trial court could not reconsider the final sentence imposed based on the failure to comply with the terms of the plea agreement. *Id.*; *see also State v. Ellington*, 8th Dist. Cuyahoga No. 101404, 2015-Ohio-601 (trial court's effort to amend the final sentence to enforce the terms of the plea bargain is immaterial to the question of whether the trial court has jurisdiction to review a final sentence).

{¶7} In this case, the trial court imposed additional community control sanctions specifically based on Barringer's noncompliance with the plea agreement. It is well settled in Ohio that imposing a suspended sentence and placing a defendant on community control is a final sentence. *State v. Fankle*, 2d Dist. Montgomery Nos.

26350, 26351 and 26352, 2015-Ohio-1581, ¶ 8, citing R.C. 2951.10; *State v. Hoy*, 3d Dist. Union Nos. 14-04-13 and 14-04-14, 2005-Ohio-1093, ¶ 45; *State v. Kaiser*, 4th Dist. Lawrence No. 10CA1, 2010-Ohio-4616, ¶ 15; *State v. Mason*, 10th Dist. Franklin No. 01AP-847, 2002-Ohio-2803, ¶ 13. None of the terms of the plea agreement were imposed as terms of the community control sanction. As result, the trial court could not impose stricter sanctions on Barringer under the guise of enforcing the plea agreement when Barringer was otherwise in compliance with the terms of his community control imposed upon a suspended jail term. *Ellington* at ¶ 4.

{¶8} Trial courts generally do not possess continuing jurisdiction to enforce the terms of a plea agreement after entering a final sentence. *Gilbert,* 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, at syllabus; *State v. Cauthen*, 1st Dist. Hamilton No. C-130475, 2015-Ohio-272, ¶ 18 (absent statutory authority, trial courts cannot maintain continuing jurisdiction to modify a final sentence). The city maintains that R.C. 2929.25(B) provides continuing jurisdiction to modify the terms of community control for the duration of the term. We need not delve that deep into the city's argument. R.C. 2929.25(B) expressly applies to community control sanctions directly imposed pursuant to R.C. 2929.25(A)(1)(a). In this case, the trial court imposed a suspended jail term and community control sanctions pursuant to R.C. 2929.25(A)(1)(b), and therefore, R.C. 2929.25(B) is inapplicable.[3] A court can extend or impose more restrictive

---

[3]We recognize the apparent confusion generated by this court's earlier decision. Although a non-unanimous panel concluded that the court possessed continuing jurisdiction pursuant to R.C. 2929.25(B) in this case, that conclusion exceeded the scope of the issues raised in that appeal, and

sanctions within the community control sanction imposed on a suspended jail sentence only if the offender violates the terms of community control. R.C. 2929.25(D). In this case, the trial court lacked jurisdiction to alter the final sentence unless it determined that Barringer violated the terms of community control as imposed in the final sentencing entry.

{¶9} Based on the record, it is evident that the trial court revisited its final sentence and imposed stricter sanctions based on Barringer's failure to comply with the terms of the plea agreement. The trial court stated as much in the December 2014 journal entry. The trial court, in this case, was without jurisdiction to resentence Barringer and impose a longer term of community control with stricter sanctions based on the violation of the plea agreement alone. If the terms of the plea agreement had been codified as terms of the community control sanction, it is possible that Barringer's noncompliance could have been addressed. By failing to incorporate the terms of the plea agreement into the community control sanction imposed on a suspended jail term, however, the court was without jurisdiction to resentence Barringer.

{¶10} Accordingly, we reverse the trial court's December 2014 order imposing the additional term of community control with the stricter sanctions. By implication, the trial

---

was merely a notation before addressing whether the trial court abused its discretion by denying a motion to remove the GPS monitoring device. *Barringer I*, 8th Dist. Cuyahoga No. 100959, 2014-Ohio-4816, at ¶ 17. Barringer never appealed the trial court's decision to impose GPS monitoring, only the decision denying the removal of the device. As such, the authority to order GPS monitoring was not at issue in *Barringer I* and we are not constrained by dicta. *Gissiner v. Cincinnati*, 1st Dist. Hamilton No. C-070536, 2008-Ohio-3161, ¶ 15.

court's imposition of the costs of further GPS monitoring on Barringer is likewise reversed.[4]  The trial court lacked jurisdiction to extend community control beyond the original term when the alleged violation was premised only upon the noncompliance with the terms of the plea agreement.   We therefore reverse the decision of the trial court.

It is ordered that appellant recover from appellee costs herein taxed.  The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY J. BOYLE, J., CONCUR

---

[4]We note that the parties represented at oral argument that the trial court ordered the GPS device to be removed from Barringer on August 17, 2015.   The trial court's order, however, has no bearing on this court's determination regarding the authority of the trial court to impose additional terms of community control.