[Cite as *State v. Saxon*, 2017-Ohio-93.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104295

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARK SAXON

DEFENDANT-APPELLANT

---

## JUDGMENT:
REVERSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-587204-A

**BEFORE:** S. Gallagher, J., Keough, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** January 12, 2017

**ATTORNEY FOR APPELLANT**

Matthew C. Bangerter
Bangerter Law, L.L.C.
P.O. Box 148
Mentor, Ohio    44061


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Ashley B. Kilbane
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant, Mark Saxon, appeals the imposition of sentence for a violation of his community control sanction. Upon review, we reverse the judgment of the trial court.

**{¶2}** On July 17, 2014, Saxon was indicted on one count of failure to verify address and one count of failure to provide notice of change of address, both felonies of the third degree. On January 7, 2015, Saxon entered a plea of guilty of failure to verify address as charged in Count 1 of the indictment. The remaining count was nolled. The trial court complied with the requirements of Crim.R. 11 and found that Saxon's plea was entered knowingly, intelligently, and voluntarily.

**{¶3}** A sentencing hearing was held on February 18, 2015. Defense counsel indicated that Saxon admitted his guilt with regard to failure to verify his address in Ohio. Defense counsel stated that Saxon was living with his sister in Texas and was actively registering in Texas; however, he did not inform the state of Ohio that he was leaving. Saxon expressed his belief that it was an honest mistake and that he did not know he needed permission to leave Ohio. The state noted Saxon's criminal history, including a prior sentence for failure to notify.

**{¶4}** The trial court sentenced appellant to one year of community control and ordered Saxon to abide by the rules and regulations of the probation department and to submit to regular drug testing. The court indicated it would allow Saxon's probation to be transferred to Texas. The court also imposed a $1,000 fine, which was suspended, ordered Saxon to pay restitution in the amount of $1,390.80 for the costs of extradition,

and imposed court costs. The trial court indicated on the record that "[t]he court may modify this order as needed to protect the public, punish violation of the order by assessing a longer period of supervision, a more restrictive community control sanctions or prison term." The trial court further specified in its order that violation of the terms and conditions "may result in more restrictive sanctions, or a prison term of 36 month(s) as approved by law."

{¶5} Over the next several months, the trial court issued a number of orders that imposed additional terms of community control. On March 5, 2015, the trial court ordered Saxon to enter and complete inpatient drug and alcohol treatment. On April 14, 2015, the trial court ordered Saxon to be screened for eligibility to enter a community-based correctional facility ("CBCF"). On May 6, 2015, the trial court ordered Saxon to enter and complete CBCF. On September 30, 2015, Saxon's parole officer sought and was granted a capias for Saxon. On October 13, 2015, the trial court ordered Saxon to complete six months of work release at Harbor Lights. On January 14, 2016, the trial court transferred Saxon to the City Mission and placed him on electronic/GPS monitoring for five months. With regard to these actions, there was no violation of community control found or even referenced in the record.

{¶6} It was not until February 2, 2016, that the trial court held a community control violation hearing. At the hearing, it was determined that on the first day of electronic monitoring, Saxon violated the terms. Saxon claimed that on his way to the mission, he made a couple of stops on Payne Avenue, to speak to a homeless woman he

knew and to buy cigarettes, that he claimed he did not know were unauthorized. The trial court found Saxon to be in violation of community control sanctions, sentenced him to a prison term of 36 months with credit for time served, and advised him of postrelease control. This appeal followed.

{¶7} On appeal, appellant raises two assignments of error for our review. Under his first assignment of error, appellant claims the trial court erred by imposing more restrictive community control sanctions without due process. He claims that he should have been afforded notice and an opportunity to be heard.

{¶8} Pursuant to R.C. 2929.19(B), when a sentencing court chooses to impose a community control sanction, the court is required to notify the offender that if the offender violates the conditions of the sanction, violates the law, or leaves the state without permission, "the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation[.]" Pursuant to R.C. 2929.15(B)(1), when an offender violates the conditions of community control, the trial court is authorized to extend the term of community control, impose a more restrictive sanction, or impose a prison term. Following a community control violation, the trial court conducts a "second sentencing hearing" at which the court sentences the offender anew and must comply with the relevant sentencing statutes. *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 15.[1]

---

[1] The state has the burden of proving that a community control violation occurred. *Id.* at ¶

**{¶9}** As this court has previously recognized, "R.C. 2929.15(B) authorizes the post-sentencing imposition of more restrictive community control sanctions only if the original probationary conditions are violated." *State v. Hooks*, 128 Ohio App.3d 750, 753, 716 N.E.2d 778 (8th Dist.1998). A trial court does not have authority to modify the terms of community control after execution of the sentence has commenced, so long as the defendant has satisfied the originally announced terms of that probation. *Id*.; *see also State v. Wycuff*, 5th Dist. Stark No. 2000CA00328, 2001 Ohio App. LEXIS 2418, 4-6 (May 21, 2001).

**{¶10}** In this case, appellant claims that his due process rights were violated when the trial court imposed additional terms of community control without notice or a hearing.[2] There was never any notice of a violation and no hearing was conducted with regard to the court's orders modifying and extending the community control sanctions. Although not raised, the imposition of additional terms of community control in this matter also implicated double jeopardy concerns. *See Hooks* at 753; *Wycuff* at 4. We recognize that a timely objection was never raised and arguably Saxon may have waived any constitutional challenges herein. *See State v. Stanley*, 8th Dist. Cuyahoga No. 103152, 2016-Ohio-1540, ¶ 11, 14-16. Further, a direct appeal was never filed from the orders.

---

[2] In support of his argument, appellant cites *State v. Whitaker*, 2d Dist. Montgomery No. 21003, 2006-Ohio-998, which we need not address herein.

**{¶11}** However, the dispositive issue in this matter is whether the trial court had subject-matter jurisdiction to impose additional terms of community control. It is well settled that subject-matter jurisdiction cannot be waived and may be raised by the court sua sponte on appeal. *State v. Lomax*, 96 Ohio St.3d 318, 2002-Ohio-4453, 774 N.E.2d 249, ¶ 17.

**{¶12}** "Because community control is part of the sentence, absent statutory authority, the trial court [has] no jurisdiction to modify the conditions of that sanction." *State v. Cauthen*, 1st Dist. Hamilton No. C-130475, 2015-Ohio-272, ¶ 18. As applicable in this matter, R.C. 2929.15(B) does not authorize a trial court to impose additional terms of community control in the absence of a violation. Accordingly, "[a] trial court can extend or impose more restrictive sanctions with the community control sanction * * * only if the offender violates the terms of community control." *Bay Village v. Barringer*, 8th Dist. Cuyahoga No. 102432, 2015-Ohio-4079, ¶ 8.[3] A trial court lacks jurisdiction to alter the final sentence unless it determines the defendant violated the terms of community control as imposed in the final sentencing entry. *Id*.

**{¶13}** In this case, at the time the additional terms of community control were imposed by the trial court, there was never any formal determination that Saxon had violated the terms of his community control. Therefore, the trial court lacked jurisdiction

---

[3] We note that although *Barringer* involved R.C. 2929.25(D)(2), the same holds true for R.C. 2929.15(B)(1).

to impose the additional terms of community control and no violation can be premised thereon.

**{¶14}** We sustain the first assignment of error on separate grounds, and we reverse the decision of the trial court.   The second assignment of error is moot.[4]

**{¶15}** Judgment reversed.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.         The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY EILEEN KILBANE, J., CONCUR

---

[4]  Appellant's second assignment of error challenges whether the trial court complied with the sentencing statutes when sentencing him upon the community control violation.