[Cite as *Walton Hills v. Olesinski*, 2020-Ohio-5618.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| VILLAGE OF WALTON HILLS, | : | |
| Plaintiff-Appellee, | : | No. 109032 |
| v. | : | |
| KENNETH OLESINSKI, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 10, 2020

Criminal Appeal from the
Garfield Heights Municipal Court
Case No. CRB 1801036A

*Appearances:*

Bricker & Eckler, L.L.P., Jennifer A. Flint, and Christopher
J. Bondra, *for appellee*.

James A. Zaffiro, *for appellant*.

EILEEN T. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant, Kenneth Olesinski ("Olesinski"), appeals from the judgment of the Garfield Heights Municipal Court ordering him to resurface the parking lot located on his commercial property in accordance with the village of

Walton Hills Codified Ordinances ("W.H.C.O.").  Olesinski raises the following

assignments of error for review:

> 1. The trial court erred by finding Olesinski guilty of violating [W.H.C.O.] 1490.14 and 1292.11 and ordering Olesinski to use a contractor in re-paving his parking lot.
>
> 2. The trial court erred in not finding [W.H.C.O.] 1490.14 unconstitutionally vague in that it fails to adequately address the manner in which parking areas shall be so constructed and maintained in good order.
>
> 3. The trial court erred in not finding [W.H.C.O.] 1292.11 unconstitutionally vague in that it fails to adequately address the manner in which parking areas shall be a smoothly graded, stabilized and dustless surface.
>
> 4. The trial court erred in allowing the village to force a property owner to abide by the village's own questionable interpretation of its zoning ordinance, without showing any cause for doing so but perhaps to indulge a display of power to one daring to question it.

{¶ 2} After careful review of the record and relevant case law, we reverse the

trial court's judgment and vacate the court's August 15, 2019 order.  The order

impermissibly modified the conditions of Olesinski's community-control sanctions.

## I.  Procedural and Factual History

{¶ 3} Olesinski is the owner of commercial property located in the village of

Walton Hills, Ohio.  On March 20, 2018, Olesinski received a letter from plaintiff-

appellee, the village of Walton Hills (the "village"), notifying him that the condition

of his property violated certain ordinances, including W.H.C.O. 1490.14 and

1292.08.  The letter advised Olesinski that his parking lot was not maintained to

ensure safety and was not designed or constructed in accordance with the

ordinances.

{¶ 4} Olesinski failed to bring the parking lot into compliance with the ordinances within 45 days of the violation notice. Accordingly, a complaint was filed against Olesinski in the Garfield Heights Municipal Court, charging him with violations of W.H.C.O. 1490.14 and 1292.11(e), each misdemeanors of the first degree. The complaint alleged that Olesinski violated W.H.C.O. 1490.14 by failing to maintain his parking lot to ensure safety and keep it free from deterioration and blighting sight. The complaint further alleged that Olesinski violated W.H.C.O. 1292.11(e) by failing to comply with the construction standards set forth in W.H.C.O. 1292.08 for striping parking lot spaces.

{¶ 5} Following a bench trial held on July 19, 2018, Olesinski was found guilty of violating each ordinance. He was sentenced to concurrent 90-day jail terms. The trial court suspended the jail sentence, but imposed a one-year period of inactive community-control sanctions. As a condition of his community-control sanctions, Olesinski was ordered to "maintain and/or resurface [the] subject lot in a manner that it is consistent with the Walton Hills Code and is consistent with building permits and building [department] and City approval." Olesinski was further ordered to stripe and mark the parking lot in a manner consistent with the "Walton Hills Code and applicable standards." Olesinski did not appeal from the judgment of conviction and sentence.

{¶ 6} Following several continuances, a status review hearing was scheduled to occur on July 18, 2019. Prior to the hearing, however, counsel for Olesinski filed

a motion for leave to withdraw as counsel, indicating that Olesinski had "terminated the attorney-client relationship."

{¶ 7} Olesinski appeared before the court on July 18, 2019. At the hearing, Olesinski submitted a hearing brief, arguing that (1) he was willing to do the work on the parking lot himself, (2) he had the right to save money instead of hiring a contractor, (3) cold-patch asphalt is better than hot-patch asphalt, and (4) no ordinance or statute explicitly mandates hot-patch asphalt or striping of parking spaces. At the conclusion of the hearing, the trial court granted counsel's motion to withdraw and ordered Olesinski to appear before the court on August 15, 2019, "with three written estimates for hot paving of the subject lot as well as a written estimate for cold paving that he wishes to do instead."

{¶ 8} On August 15, 2019, Olesinski appeared at the status review hearing and provided the prosecution with the requested written estimates. The prosecution advised the court that any of the three contractor estimates for hot-patch asphalt would be satisfactory. However, Olesinski reiterated his position that he should be permitted to do the work himself by using cold-patch asphalt at a significantly lower cost. Following a discussion on the record, the court heard from the village's zoning and building inspector, Rob Kalman. In relevant part, Kalman described the current condition of the parking lot and expressed that cold-patch asphalt was not appropriate for resurfacing "a whole property." Kalman noted that a similar product was used by Olesinski "approximately ten years ago and it failed." Thus, Kalman

opined that "for a professional project to be done it needs to be milled and hot patch needs to be applied, as per our engineer's recommendation."

{¶ 9} At the conclusion of the hearing, the trial court issued a journal entry, stating, in relevant part:

> The defendant is ordered to resurface the parking lot * * * in accordance with one of three estimates he provided to the Court. All work must be approved by the village of Walton Hills and the contractor must obtain a permit and registration with the village prior to the commencement of the work. All work must be completed within 60 days of this entry.

{¶ 10} Olesinski filed a notice of appeal in September 2019. In February 2020, the village filed a motion to dismiss the appeal for lack of subject-matter jurisdiction, arguing the August 15, 2019 judgment entry is not a final, appealable order. After careful review, this court denied the motion to dismiss for lack of subject-matter jurisdiction on March 4, 2020.

## II. Law and Analysis

{¶ 11} Collectively, Olesinski's first, second, third, and fourth assignments of error argue the trial court erred by "demanding that [he] use hot asphalt," as opposed to cold-patch asphalt, because W.H.C.O. 1490.14 and 1292.11 do not provide explicit standards for resurface parking lots within the municipality. We address these assigned errors together because they are related.

{¶ 12} On appeal, Olesinski does not dispute his obligation to maintain and repair his parking lot pursuant to the requirements of the village ordinances. Rather, Olesinski challenges the manner in which he is required to complete the repairs and

contends that W.H.C.O. 1490.14[1] and 1292.11[2] are unconstitutionally vague. Because the ordinances do not expressly prescribe the methodology for maintenance and repairs, Olesinski asserts that "the village must be stopped from arbitrarily demanding that [he] use hot asphalt as opposed to cold asphalt and planing the parking lot."

---

[1] W.H.C.O. 1490.14, titled Steps, Porches, Driveways, and Parking Areas, states:

All steps, paths, walkways, porches, drives, parking lots and parking areas shall be so constructed and maintained as to ensure safety and shall be kept free from deterioration and blighting effects. If any such area, by reason of its state of repair, constitutes a danger to health or safety, it shall be repaired or replaced. Hazards and unsanitary conditions shall be eliminated. All driveways and walks which exist within public rights of way which are now paved shall be maintained in good order by and at the expense of the owner of the fee simple title to the property.

[2] W.H.C.O. 1292.11, titled Construction Standards, provides, in relevant part:

All driveways, parking areas, curbs, and bumper guards shall be constructed in accordance with standards established by the following:

(a) Paving. All parking and loading areas and access drives, with the exception of driveways accessing single-family detached dwellings (see Section 1266.10), shall have a smoothly graded, stabilized and dustless surface. Such paving material and base materials related thereto, shall be capable of supporting all anticipated loads without damage. The owner shall, at his/her own expense, maintain the surface and repair any disintegration of the surface by patching or sealing when such disintegration takes place.

* * *

(e) Marking. Any off-street parking area for five or more parking spaces shall indicate the location of each parking space, the location of spaces for persons with disabilities, and the location and direction or movement along the aisles and access drives providing access thereto by painting upon the surface, by raised directional signs, or by markers or other similar measures placed in the surface.

{¶ 13} After careful review of the record and the transcript of the August 15, 2019 hearing, we find Olesinski did not preserve his constitutional arguments below. Although Olesinski maintained that the village failed to "provide [him] with any proof that [he was] required to use hot patch [asphalt]," he did not formally challenge the constitutionality of the ordinances. Olesinski has, therefore, forfeited his right to raise this issue on appeal. *State v. Killeen*, 9th Dist. Lorain No. 18CA011326, 2019-Ohio-2264, ¶ 15, citing *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. And, although we retain discretion to consider the issue, Olesinski has not alleged plain error or established that the rights and interests involved warrant us considering it for the first time on appeal. *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.

{¶ 14} Moreover, we note that the challenged ordinances regulate conduct that, if not complied with, may result in misdemeanor charges. The ordinances do not govern the trial court's discretion to impose community-control sanctions under R.C. 2929.25 and 2929.27. Thus, Olesinski's constitutional arguments, in effect, challenge the language contained within the ordinances supporting his underlying convictions. Such issues should have been raised at the time of trial and, if necessary, in a direct appeal.

{¶ 15} Having determined that Olesinski has forfeited his constitutional challenges to the village ordinances, our review is limited to whether the trial court was authorized under the relevant misdemeanor sentencing statutes to order

Olesinski to "resurface the parking lot * * * in accordance with one of [the] three estimates he provided to the court."

{¶ 16} The overriding purposes of misdemeanor sentencing are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). And a misdemeanor sentence "shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *." R.C. 2929.21(B). To achieve these purposes, "'the sentencing court shall consider the impact of the offense on the victim, the need to change the offender's behavior, the need to rehabilitate the offender, and the desire to make restitution to the victim and/or the public.'" *Cleveland v. Go Invest Wisely, L.L.C.*, 8th Dist. Cuyahoga Nos. 95172, 95173, 95174, 95175, 95176, and 95177, 2011-Ohio-3047, ¶ 8, quoting *State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, 918 N.E.2d 218, ¶ 45 (7th Dist.), citing *In re Slusser*, 140 Ohio App.3d 480, 487, 748 N.E.2d 105 (3d Dist.2000).

{¶ 17} R.C. 2929.25 governs misdemeanor community-control sanctions. R.C. 2929.25 provides a trial court two options when sentencing a misdemeanor offender: (1) directly impose a sentence that consists of one or more community-control sanctions authorized by R.C. 2929.26, 2929.27, or 2929.28; or (2) impose a jail sentence, suspend some or all of that sentence, and place the offender under a community-control sanction or combination of community-control sanctions authorized under R.C. 2929.26, 2929.27, or 2929.28. R.C. 2929.25(A)(1)(a)-(b). In this case, the trial court imposed a suspended sentence and placed Olesinski under

a community-control sanction or combination of community-control sanctions authorized under R.C. 2929.27.

{¶ 18} R.C. 2929.27, captioned "nonresidential sanction where jail term not mandatory," provides, in relevant part:

> In addition to the sanctions authorized under division (A) of this section, the court imposing a sentence for a misdemeanor, other than a minor misdemeanor, upon an offender who is not required to serve a mandatory jail term may impose any other sanction that is intended to discourage the offender * * * from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing.

R.C. 2929.27(C).

{¶ 19} In determining whether a condition of community control is related to the interests of doing justice, rehabilitating the offender, and ensuring his good behavior, courts must consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct that is criminal or reasonably related to future criminality and serves the statutory ends of probation. *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990). All three prongs of the *Jones* test must be satisfied for the reviewing court to find that the trial court did not abuse its discretion. *Solon v. Broderick*, 8th Dist. Cuyahoga No. 107043, 2018-Ohio-4900, ¶ 8.

{¶ 20} It is well established that in building or housing code violation cases, the primary goal of the court is to correct the violation and bring the property into compliance with all building codes, rather than punish the defendant for

misconduct. *Cleveland v. Schornstein Holdings, L.L.C.*, 2016-Ohio-7479, 73 N.E.3d 889, ¶ 19 (8th Dist.), citing *Go Invest Wisely, L.L.C.* at ¶ 20; *Lakewood v. Krebs*, 150 Ohio Misc.2d 1, 2008-Ohio-7083, 901 N.E.2d 885, ¶ 19 (M.C.).

{¶ 21} In this case, the conditions of Olesinski's one-year term of community-control sanctions required him to resurface his parking lot and mark parking spaces in a manner consistent with the village's ordinances and applicable building standards. Undoubtedly, the conditions were reasonably related to rehabilitating the offender, bore a relationship to the crime of which the offender was convicted, and related to the conduct that is criminal. However, the conditions imposed in the original sentencing journal entry did not require Olesinski to plane the surface or use hot-patch asphalt. These requirements were set forth, for the first time, in the trial court's August 15, 2019 judgment entry. Thus, notwithstanding the adequacy of the conditions set forth in the original sentencing journal entry, we must assess whether the trial court had jurisdiction to impose the additional obligations.

{¶ 22} It is well settled that subject-matter jurisdiction cannot be waived and may be raised by the court sua sponte on appeal. *State v. Lomax*, 96 Ohio St.3d 318, 2002-Ohio-4453, 774 N.E.2d 249, ¶ 17. This court has explained that "'[b]ecause community control is part of the sentence, absent statutory authority, the trial court [has] no jurisdiction to modify the conditions of that sanction.'" *State v. Saxon*, 8th Dist. Cuyahoga No. 104295, 2017-Ohio-93, ¶ 12, quoting *State v. Cauthen*, 1st Dist. Hamilton No. C-130475, 2015-Ohio-272, ¶ 18. As applicable in this case, R.C. 2929.25(C) provides that if the court sentences the offender to any community-

control sanction or combination of community-control sanctions, authorized under R.C. 2929.26, 2929.27 or 2929.28, the sentencing court retains jurisdiction over the offender for the duration of the sanctions imposed. In addition, R.C. 2929.25(D) authorizes the trial court to extend or impose more restrictive sanctions where the offender is deemed to have violated the terms of his or her community-control sanctions. R.C. 2929.25(D).[3]

{¶ 23} Viewing the August 15, 2019 judgment entry in its entirety, we find the trial court's order attempted to substantively modify the conditions of Olesinski's community-control sanctions by imposing additional and more restrictive requirements for compliance. By requiring Olesinski to resurface his parking lot with hot-patch asphalt, the trial court imposed an additional requirement that, while monetarily significant, is not expressly mandated by the original sentencing journal entry or the relevant village ordinances. Significantly, however, the trial court's modification was made approximately one month after Olesinski's one-year term of community-control sanctions had expired. Thus, the trial court's judgment was not

---

[3] When a trial court sentences an offender to any community-control sanction or combination of community-control sanctions pursuant to R.C. 2929.15(A)(1)(a), the sentencing court retains jurisdiction over the offender and the period of community control for the duration of the period of community control, and may on the court's own motion modify the terms previously imposed, substitute terms, or impose an additional term. R.C. 2929.25(B). However, R.C. 2929.25(B) expressly applies to community-control sanctions directly imposed pursuant to R.C. 2929.25(A)(1)(a). In this case, the trial court imposed a suspended jail term and community-control sanctions pursuant to R.C. 2929.25(A)(1)(b). Under such circumstances, this court has held that R.C. 2929.25(B) is inapplicable. *Bay Village v. Barringer*, 8th Dist. Cuyahoga No. 102432, 2015-Ohio-4079, ¶ 8.

imposed during the community-control period and, therefore, exceeded the jurisdiction afforded to the court under R.C. 2929.25.

{¶ 24} Regarding the authority afforded to the trial court under R.C. 2929.25(D), we recognize that a court may conduct proceedings on the alleged community control violations "even though they were conducted after the expiration of the term of community control," provided that notice was given and the proceedings were commenced before the expiration. *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 13; *State ex rel. Angelo v. Carroll*, 8th Dist. Cuyahoga No. 100326, 2013-Ohio-5321, ¶ 7. In this case, there is no dispute that Olesinski was provided notice of the August 15, 2019 violation hearing prior to the expiration of his one-year period of community-control sanctions. Thus, the trial court had jurisdiction to conduct the violation hearing despite the expiration of Olesinski's community-control sanctions approximately one month earlier.

{¶ 25} However, the trial court did not make a formal determination that Olesinski violated the terms of his community-control sanctions. Rather, the trial court delayed the matter further to effectuate its impermissible modification of Olesinski's community-control sanctions. By failing to avail itself to the limited jurisdiction afforded to it under R.C. 2929.25(D), the trial court lost its opportunity to find Olesinski to be in violation of the terms of his originally imposed community-control sanctions.

{¶ 26} Based on the foregoing, we find the trial court lacked jurisdiction to alter the final sentence without determining that Olesinski violated the terms of community control as imposed in the final sentencing entry. *See Saxon* at ¶ 13; *Barringer* at ¶ 8 (noting that a court may modify community-control sanctions imposed on a suspended jail sentence only if the offender violates the terms of community control). Without addressing the suitability of the court's order, the trial court's August 15, 2019 judgment entry must be vacated. While the trial court's jurisdiction over this matter has expired, Olesinski will not be immune from future criminal complaints if his property is not maintained and/or repaired in compliance with the village's ordinances.

{¶ 27} Olesinski's first, second, third and fourth assignments of error are sustained.

{¶ 28} Judgment reversed and remanded to the lower court to vacate the August 15, 2019 judgment entry.

It is ordered that the appellant recover from the appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS WITH SEPARATE OPINION ATTACHED

SEAN C. GALLAGHER, J., CONCURRING:

{¶ 29} I concur with the majority's opinion in this matter. I agree with the majority that Olesinski forfeited his constitutional arguments regarding the subject ordinances, that no direct appeal was taken from his conviction, and that our review is limited to whether the trial court was authorized to order Olesinski to "resurface the parking lot * * * in accordance with one of [the] three estimates he provided to the court." I write to further address this issue.

{¶ 30} As recognized by the majority, after receiving a violation notice and failing to bring his commercial parking lot into compliance with the subject ordinances, Olesinski was found guilty of violating the village of Walton Hills Codified Ordinances ("W.H.C.O.") sections 1490.14 and 1292.11(e). As a condition of his community-control sanctions, Olesinski was ordered to "maintain and/or resurface [the] subject lot in a manner that is consistent with the Walton Hills Code and is consistent with building permits and building [department] and City approval." He was also ordered to stripe and mark the parking lot in a manner consistent with the "Walton Hills Code and applicable standards."

{¶ 31} W.H.C.O. Section 1490.14 requires that "parking lots and parking areas shall be so constructed and maintained as to ensure safety" and "[a]ll driveways and walks which exist within public rights of way which are now paved shall be maintained in good order * * *." W.H.C.O. Section 1292.11(a), which sets forth construction standards, requires "[a]ll parking and loading areas and access drives * * * shall have a smoothly graded, stabilized and dustless surface" and the paving and base materials "shall be capable of supporting all anticipated loads without damage." W.H.C.O. Section 1292.11(e) pertains to marking off-street parking areas. Nothing in the plain language of the ordinances requires a particular type of asphalt must be used. As stated by the majority, "the ordinances do not expressly prescribe the methodology for maintenance and repairs * * *." Even the village concedes that "it is not the language in the ordinances that results in Mr. Olesinski having to hire a contractor to resurface the parking lot using hot asphalt."

{¶ 32} Olesinski began paving and repairing the parking lot with cold asphalt, a process that he has used since 1998. After he began the work, he was issued a stop order by the village, which insisted repaving using hot paving was required to eliminate the violation.

{¶ 33} I certainly understand that Olesinski was attempting to comply with the conditions of his community-control sanctions and that the trial court was drawn into a dispute over whether he could proceed with using cold paving, or could be required by the village to use hot paving to avoid further violation. However, the method of paving was not imposed as a condition of his community-control

sanctions at sentencing or mandated by the applicable ordinances. Therefore, any additional requirement imposed by the trial court amounted to a modification of the terms of his community-control sanctions. In addition, although not outcome determinative here, I question whether a trial court could even impose such a specific condition on compliance given that the ordinance itself does not mandate a required method of paving.

{¶ 34} In an attempt to resolve the matter, at the status review hearing held on July 18, 2019, the trial court ordered Olesinski to provide three written estimates for hot paving of the subject lot, as well as a written estimate for the cold paving he wished to do. At the next status review hearing on August 15, 2019, he provided the requested estimates and the trial court ordered him to resurface the parking lot with one of the three hot-paving estimates and to complete the work within 60 days. The trial court was not considering whether a violation had occurred; rather, it appears the court was attempting to resolve the parties' dispute over the requirements for compliance.

{¶ 35} Ultimately, this was a modification of community-control sanctions that occurred after the expiration of Olesinski's one-year term of community-control sanctions. Further, there was never any determination that the terms of the originally imposed community-control sanctions were violated. Accordingly, I agree with the majority that the trial court had no jurisdiction to modify the conditions of community-control sanctions. *See State v. Crosby*, 6th Dist. Lucas Nos. L-19-1160 and L-19-1186, 2020-Ohio-3306, ¶ 36, citing *State v. Rogers*, 8th Dist. Cuyahoga

No. 98779, 2013-Ohio-588, ¶ 13; R.C. 2929.25(B). Further, the trial court did not have jurisdiction to extend the period of community-control sanctions an additional sixty-days. *See Middleburg Hts. v. Kneip,* 8th Dist. Cuyahoga No. 104565, 2017-Ohio-469, ¶ 8; R.C. 2929.25(D).

{¶ 36} Accordingly, I concur with the majority's opinion.