[Cite as *State v. Killeen*, 2019-Ohio-2264.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     18CA011326 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEVIN G. KILLEEN | ELYRIA MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.     2017CRB01319 |

DECISION AND JOURNAL ENTRY

Dated: June 10, 2019

HENSAL, Judge.

{¶1}     Kevin Killeen appeals his convictions in the Elyria Municipal Court for violating two provisions of the Village of Grafton's codified ordinances. For the following reasons, this Court affirms.

I.

{¶2}     Mr. Killeen owns two adjacent parcels in the Village that have been in his wife's family for almost 80 years. One parcel has a house and driveway on it that Mr. Killeen rents out. The other may have had a cottage on it at some point, but has been vacant for decades. The current tenant of the house has multiple vehicles and was parking some of them on the vacant parcel. After receiving complaints about the mud his vehicles were bringing into the street, the tenant scraped up an area of grass on the vacant parcel and laid down a gravel driveway. The Village subsequently cited Mr. Killeen for violating its paving and permitted uses ordinances.

After a jury found Mr. Killeen guilty of the offenses, the trial court sentenced him to thirty days in jail, which it suspended.  Mr. Killeen has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE VERDICT IN THIS CASE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOALTES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

**{¶3}**    Mr. Killeen argues that his convictions are not supported by sufficient evidence. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶4}**    The jury found Mr. Killeen guilty of violating the Village's paving and permitted uses ordinances.  The paving ordinance[1] provides, in relevant part, that "driveways * * * shall be improved with acceptable impervious material to provide a durable and dust-free surface, typically portland cement concrete or asphaltic concrete."  Grafton Codified Ordinances 1290.05. It also provides that no one may make any improvements to an apron or driveway without using

---

[1] The Village's paving ordinance is 1290.05.  We note that the trial court identified it as 1290.04 in its sentencing order.

materials approved by the Village, or before submitting an application that details the planned improvement. The permitted uses ordinance provides that only certain enumerated uses are allowed in a rural/low density residential district, none of which is a gravel driveway on an otherwise vacant parcel.

{¶5} Mr. Killeen argues that the ordinances do not apply to the gravel driveway because it is a nonconforming use that was grandfathered in at the time the ordinances were enacted. Ohio Revised Code section 713.15 provides that "[t]he lawful use of * * * any land or premises, as existing and lawful at the time of enacting a zoning ordinance or an amendment to the ordinance, may be continued, although such use does not conform with the provisions of such ordinance or amendment * * *." It also provides that a nonconforming use can lose its status if it is voluntarily discontinued for a period of time between six months and two years, whatever period of time that is chosen by a municipal corporation. *Id*. The Village chose one year. Grafton Codified Ordinance 1252.08. Section 713.15 further provides that "[t]he legislative authority of a municipal corporation shall provide in any zoning ordinance for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses upon such reasonable terms as are set forth in the zoning ordinance." R.C. 713.15. The Village's ordinances do not restrict the restoration of a nonconforming use of land as long as the restoration does not extend, change, or enlarge the use.

{¶6} The Village argued at trial that the vacant parcel did not have a nonconforming use on it that was grandfathered in at the time its zoning ordinances were enacted. The Village also argued that, even if there had been a nonconforming use on the parcel, it had lost its status during the intervening years. In support of its arguments, the Village's code enforcement inspector testified that he first inspected the vacant parcel in January 2017 and noticed ruts in the

grass from where vehicles had been parking. He, therefore, sent a letter to Mr. Killeen describing the issue along with several others. When he re-inspected the parcel a few weeks later, he discovered that a gravel driveway had been installed without a permit. He testified that he looked at aerial photos of the parcel from 2002, 2003, 2015, and early 2017, and did not see a driveway on the parcel. The Village submitted a copy of the 2002 photo, which shows only grass in the area of the parcel where the driveway was later installed.

{¶7}   The Village also introduced a picture that its administrator took of the vacant parcel in April 2016 that shows two trucks parked in an area of grass on the parcel. There is no driveway visible in the picture. The administrator testified that he reviewed the Village's records to determine whether there was ever a driveway on the vacant parcel and could not find any record of it.

{¶8}   Viewing the evidence in a light most favorable to the State, we conclude that there is sufficient evidence in the record to establish that the vacant parcel did not have a driveway that qualified as a nonconforming use under the Village's ordinances. Accordingly, we conclude that Mr. Killeen's convictions are supported by sufficient evidence. Mr. Killeen's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND OF THE OHIO CONSTITUTION.

{¶9}   Mr. Killeen next argues that his convictions are against the manifest weight of the evidence. If a defendant asserts that his convictions are against the manifest weight of the evidence,

an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d 380, at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶10} Mr. Killeen notes that multiple witnesses testified that there had been a driveway on the vacant lot for decades before the tenant put more gravel down on it. The tenant testified that, when he began parking his vehicles on the vacant lot, there was already gravel mixed in with the grass. The tenant also testified that, when he scraped up the grass from the area, he found even more gravel under it. The tenant testified that, when he called the Village to ask if he needed a permit to put down more gravel, it told him that, because there was already gravel present, he did not need a permit. Mr. Killeen argues that, in the pictures that were taken before the tenant put down additional gravel, gravel is visible in the ruts that the tenant's vehicles made. He further notes that, when the Village installed a curb along the street, they made a curb cut where the driveway is located. According to Mr. Killeen, since the Village could have placed the curb cut anywhere along the front of the parcel, its placement suggests that a driveway was already present when the curb was installed.

{¶11} Mr. Killeen also argues that the driveway was never abandoned, noting that his son testified that he parked his motorcycle in the driveway whenever he used to visit his grandmother at the house or check on the house after his grandmother went into a nursing home.

Mr. Killeen's son also testified that he parked a truck in the driveway when he moved his grandmother's belongings out of the house after her death.

{¶12} Although the Village had the initial burden of proving a violation of the ordinances, Mr. Killeen had the burden of proving his defense of a valid, nonconforming use. *Wooster v. Entertainment One, Inc.*, 158 Ohio App.3d 161, 2004-Ohio-3846, ¶ 48 (9th Dist.); *City of Hudson v. Patel*, 9th Dist. Summit No. 18434, 1997 WL 803092, *2 (Dec. 24, 1997). *But see Sunset Estate Properties, L.L.C. v. Lodi*, 9th Dist. Medina No. 12CA0023-M, 2013-Ohio-4973, ¶ 15 (explaining that, if there is a nonconforming use, the village has the burden of establishing that the property owner voluntarily abandoned or discontinued it). "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. "In reaching its verdict, the jury was in the best position to evaluate the credibility of the witnesses and it was entitled to believe all, part, or none of the testimony of each witness." *State v. Shank*, 9th Dist. Medina No. 12CA0104-M, 2013-Ohio-5368, ¶ 29.

{¶13} Upon review of the record, we cannot conclude that the jury clearly lost its way and created such a manifest miscarriage of justice that we should exercise our power to reverse Mr. Killeen's convictions as against the manifest weight of the evidence. The testimony of the Village officials and the photographs of the vacant lot from before the tenant put down gravel support a finding that there was not a driveway on the lot that qualified as a nonconforming use or that any such use was abandoned or discontinued for a period of one year after the enactment of the Village's zoning ordinances. Mr. Killeen's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FINDING THE APPELLANT GUILTY
WHERE THE ORDINANCE[ ] IS VOID FOR VAGUENESS.

**{¶14}** Mr. Killeen's final argument is that the paving ordinance is unconstitutionally vague because it does not specify which materials would be considered "impervious" or "dust-free[.]" He notes that the jury asked for clarification about the paving ordinance, suggesting it is too vague for a person of common intelligence to guess its meaning.

**{¶15}** Mr. Killeen did not challenge the constitutionality of the paving ordinance in the trial court. He, therefore, has forfeited his right to raise this issue on appeal. *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. Although we retain discretion to consider the issue, Mr. Killeen has not alleged plain error or established that the rights and interests involved warrant us considering it for the first time on appeal. *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus. Mr. Killeen's third assignment of error is overruled.

### III.

**{¶16}** Mr. Killeen's assignments of error are overruled. The judgment of the Elyria Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

GRETCHEN A. HOLDERMAN, Attorney at Law, for Appellee.