[Cite as *Cleveland v. Cornely*, 2021-Ohio-3459.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110088 |
| v. | : | |
| JOHN P. CORNELY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 30, 2021

Criminal Appeal from the Cleveland Municipal Court
Case No. 2018-CRB-17558

### *Appearances:*

Ohio Crime Victim Justice Center, and Elizabeth A. Well and Diva Edel, *for intervening appellees* H.C. and E.C.

Jay F. Crook, Attorney at Law, L.L.C., and Jay F. Crook, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Erika B. Cunliffe, and Michael Wilhelm, Assistant Public Defenders, urging reversal for amicus curiae Cuyahoga County Public Defender.

LISA B. FORBES, J.:

{¶ 1} Appellant John P. Cornely ("Cornely") appeals the trial court's decision and order extending his community-control sanctions for two years. After reviewing the law and pertinent facts of the case, we reverse.

## I. Procedural History

{¶ 2} On January 22, 2019, Cornely pled guilty to one count of domestic violence. On February 19, 2019, he was sentenced to 180 days in jail with 180 days suspended upon the completion of three years of community-control sanctions. The community-control sanctions required that he have no contact with his wife, M.C.

{¶ 3} On September 28, 2020, M.C. filed an emergency motion to show cause with the trial court alleging that Cornely violated the no-contact order of his community-control sanctions. M.C. claimed "[o]n September 25, 2020 Defendant John P. Cornely, by and through attorney Samuel Lauricla, sent to [her] undersigned counsel a *Notice of Special Meeting of Members* * * *." Cornely and M.C. are the sole members of Mabel Property L.L.C., the business entity that was the subject of the notice.

{¶ 4} On October 6, 2020, the trial court held a hearing on M.C.'s motion. The prosecutor for the city of Cleveland was present, but explained "the City has no position, regarding [M.C.'s] motion." The prosecutor clarified that the city does pursue matters where it perceives a violation of community-control sanctions occurred, but the city considered M.C.'s motion to present a civil issue, not a criminal one. At the hearing, the court heard no testimony. However, counsel for

both M.C. and Cornely argued. Both lawyers stated that the notice went from Cornely's attorney to M.C.'s attorney. Cornely's attorney explained repeatedly that divorce proceedings between M.C. and Cornely were ongoing. From the bench, the court found that Cornely was in violation of the no-contact order and extended his community-control sanctions for two additional years.

{¶ 5} In an October 6, 2020 journal entry — which is the entry attached to Cornely's notice of appeal — the trial court did not find that Cornely violated his community-control sanctions (the "first October 6 journal entry"). Nevertheless, the journal entry extended Cornely's community-control sanctions for two additional years and reiterated that he is to have "no contact." An October 8, 2020 journal entry note explained Cornely "may only have contact with victims atty [sic] to resolve business or divorce issues." The trial court's record contains a different version of the journal entry dated October 6, 2020, which finds Cornely in violation of his community-control sanctions and specifically states "defendant may only have contact w/victim's atty [sic] to resolve business or divorce issues" (the "second October 6 journal entry").

## II. Law and Analysis

{¶ 6} In his sole assignment of error, Cornely argues:

The trial court committed reversible error by holding a final hearing on an alleged probation violation when no violation wa[s] filed for by the state of Ohio, Mr. Cornely was not given adequate time to prepare for the hearing, the evidence was not authenticated, no sworn testimony was taken, Mr. Cornely was not given the opportunity to cross examine his accusers and there was no written findings as to the basis for the violation.

{¶ 7} "We review a trial court's decision finding a violation of community control for an abuse of discretion." *State v. Swails*, 8th Dist. Cuyahoga No. 100480, 2014-Ohio-3711, ¶ 12. A court abuses its discretion when it acts unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 8} Here, because Cornely was initially sentenced to 180 days in jail, which was suspended, along with three years of community-control sanctions, R.C. 2929.25(D) applies. "A court can extend or impose more restrictive sanctions within the community control sanction imposed on a suspended jail sentence only if the offender *violates* the terms of community control." (Emphasis added.) *Bay Village v. Barringer*, 8th Dist. Cuyahoga No. 102432, 2015-Ohio-4079, ¶ 8, citing R.C. 2929.25(D). That is, the trial court has jurisdiction to alter Cornely's community-control sanctions if it finds that he violated the terms of his existing community-control sanctions. *See Barringer* (finding that the trial court lacked jurisdiction to modify the defendant's community-control sanctions absent a finding of a violation when he was sentenced to a suspended jail term and community-control sanctions); *Walton Hills v. Olesinski*, 8th Dist. Cuyahoga No. 109032, 2020-Ohio-5618, ¶ 26 (holding that a trial court lacks jurisdiction to alter a final sentence under R.C. 2929.25(A)(1)(b) of community-control sanctions when it did not find that the defendant violated the community-control sanctions).

{¶ 9} We note that the journal entry Cornely appealed from, the first October 6 journal entry, did not include a finding that Cornely violated the terms of

his community-control sanctions. The trial court's journal entry states that a community-control violation hearing was held, it states that probation was extended for two years, but it does not state that Cornely was found to be in violation of his community-control sanctions. It is well established that a court speaks through its journal entries. *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118, 551 N.E.2d 183 (1990). Because the first October 6 journal entry did not find Cornely in violation of his community-control sanctions, on the basis of that aspect of the record, the trial court lacked jurisdiction to extend his community-control sanctions. *See Olesinski*.

{¶ 10} In a somewhat unusual turn of events, the trial court's record includes a different version of the October 6, 2020 journal entry that is similar to the first. We see no explanation in the record for this second journal entry. The second October 6, 2020 journal entry does include a finding that Cornely violated his community-control sanctions. Even under this second October 6 journal entry, the finding that Cornely violated his community-control sanctions was improper for two reasons.

{¶ 11} First, the question of whether Cornely violated his community-control sanctions was not properly before the court. The court did not follow the proper procedures as enumerated in R.C. 2929.25(D)(1). The statute makes clear that an alleged violation must be brought before the court by specific enumerated entities and people. Subsection (D)(1) states:

[I]f the offender violates any of the conditions of the sanctions, the public or private person or entity that supervises or administers the program or activity that comprises the sanction shall report the violation directly to the sentencing court or to the department of probation or probation officer with general control and supervision over the offender. If the public or private person or entity reports the violation to the department of probation or probation officer, the department or officer shall report the violation to the sentencing court.

{¶ 12} Here, the court held a community-control sanctions violation hearing on M.C.'s motion to show cause, which alleged that Cornely was in contempt of the court's no-contact order. At the hearing, M.C.'s attorney stated that a purpose of the motion to show cause was to ask the court "to find [Cornely] to be a probation violator * * *." "This court long ago held that the 'proper procedure for punishing an offender for violation of probation is * * * not a contempt hearing.'" *Cleveland v. Serrano,* 8th Dist. Cuyahoga Nos. 109754, 109755, and 109857, 2021-Ohio-1586, ¶ 28, quoting *Shaker Hts. v. Hairston*, 8th Dist. Cuyahoga No. 74435, 1998 Ohio App. LEXIS 5955, 13 (Dec. 10, 1998). Because the alleged violation did not come before the court through the statutorily enumerated entities or people and because M.C.'s motion is based in civil contempt, the court improperly held a community-control sanctions violation hearing.

{¶ 13} Second, the court's finding that Cornely violated the terms of his community-control sanctions is unreasonable and arbitrary. The only allegation leveled by M.C. was that Cornely's attorney delivered to M.C.'s attorney a notice related to a meeting of the owners of a limited liability company owned by M.C. and Cornely. The court made it clear that this is an approved manner of communication.

{¶ 14} At the hearing, the court said to Cornely: "No contact means just that. * * * [M.C.] has an attorney * * * if you wanna have communication with her, Attorney Cornely, then you fully are aware that you should've sent that correspondence to her attorney and not to her * * *." Further, when Cornely asked the court whether his attorney was permitted to contact M.C.'s attorney, the court responded, "Clearly, attorney, that's how things work." Additionally, the second October 6 journal entry and the October 8, 2020 journal entry note state that Cornely may contact M.C.'s attorney "to resolve business or divorce issues."

{¶ 15} We find that the trial court erred in finding that lawyer-to-lawyer communication was in violation of Cornely's no-contact order with M.C. By the court's own statements, lawyer-to-lawyer communication is proper and permissible, even under the no-contact order. Because the trial court's finding was inconsistent with its own no-contact order and its statements at the hearing, we find that the court acted unreasonably and arbitrarily in finding Cornely in violation of his community-control sanctions and in extending his community-control sanctions for two years.

{¶ 16} Cornely's assignment of error is sustained. The trial court's order extending Cornely's community-control sanctions for two years is vacated.

{¶ 17} Judgment reversed. The extension of community-control sanctions is vacated, and the case is remanded to the trial court for the purpose of denying M.C.'s motion to show cause consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MARY J. BOYLE, A.J., and
ANITA LASTER MAYS, J., CONCUR