[Cite as *State v. Collins*, 2022-Ohio-2143.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110994 |
| v. | : | |
| CHRISTOPHER COLLINS, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** June 23, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-635282-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora C. Bryan, Assistant Prosecuting Attorney, *for appellee*.

James Sidney Jones, LPA, and James Sidney Jones, *for appellant*.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Christopher Collins ("Collins") appeals from a journal entry following a probation violation hearing. For the reasons that follow, we dismiss for lack of a final, appealable order.

**Factual and Procedural History**

{¶ 2} On December 26, 2018, a Cuyahoga County Grand Jury indicted Collins on one count of illegal manufacture of drugs or cultivation of marijuana in violation of R.C. 2925.04(A), one count of trafficking in violation of R.C. 2925.03(A)(2), one count of drug possession in violation of R.C. 2925.11(A), and one count of possessing criminal tools in violation of R.C. 2923.24(A). Each count carried a forfeiture of property specification.

{¶ 3} On July 7, 2019, Collins pleaded guilty to an amended count of attempted illegal manufacture of drugs or cultivation of marijuana, an amended count of trafficking, and one count of possessing criminal tools as indicted, together with three corresponding forfeiture specifications. The drug possession count was nolled.

{¶ 4} On July 29, 2019, the court sentenced Collins to 36 months of community control on each count with the following conditions, verbatim:

> Defendant to abide by the rules and regulations of the probation department. Court orders defendant to be supervised by: Intensive Special Probation Supervision Unit submit to random drug testing arrest if/on: positive or too dilute attend AA/NA/CA meetings, 2 per week, provide proof of meetings to the supervising officer. Obtain sponsor and verify obtain/maintain verifiable employment, provide proof of employment to the probation department. Defendant to perform court community work service for 220 hours. Intensive outpatient treatment and after care. Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 48 month(s) as approved by law.

{¶ 5} On September 3, 2021, the court set a community control sanctions violation hearing for September 23, 2021. On September 21, 2021, Collins filed a

motion to dismiss community control sanction violation and clarify probation terms ("motion to dismiss and clarify"). On September 23, 2021, Collins filed an amended motion to dismiss and clarify to add exhibits he failed to include in the original filing. The motion to dismiss and clarify sought clarification from the court as to whether medical marijuana was an illegal drug for purposes of the terms of his community control.

{¶ 6} On September 27, 2021, the court ordered the state to respond to Collins's motion to dismiss and clarify and rescheduled the violation hearing for October 12, 2021. On October 6, 2021, the state filed a brief in opposition to Collins's motion to dismiss and clarify.

{¶ 7} On October 12, 2021, the court held a violation hearing. The court heard arguments on Collins's motion. With respect to whether Collins's use of medical marijuana constituted a probation violation, the following exchanges occurred:

> THE COURT: * * * I hear this all the time. People get on community control, think they can use the medical marijuana card to avoid the terms of community control, and they can't. I'll tell you right off the bat.
>
> DEFENSE COUNSEL: Well, the Ohio appellate courts have not opined on it, neither has the Supreme Court.
>
> THE COURT: I'll tell you what this court opines. This court opines that while on community control you can't have a marijuana card. All right. Alcohol's legal, but you can't use alcohol.
>
> * * *
>
> THE COURT: You ain't smoking marijuana while on community control.

COLLINS: Yes, sir.

The court also heard from Collins's probation officer, who testified as follows:

> Back on November 12, 2019, [Collins's] first probation officer, Officer Piter, wrote up to the Court requesting the Court's opinion on his medical marijuana. It's written in your handwriting here, No, denied. Okay.
>
> So subsequent to that Officer Piter back in 2019 had a conversation and informed him the Court said no. Since then he has tested positive several times. The Court was notified by phone. A lot of this was happening during COVID time, so we weren't making a lot of arrests so therefore he wasn't arrested. However, per Behavioral Response Program that allows us to give sanctions, he was sanctioned. He had a conference with my supervisor who stated you can't use medical marijuana. If you have an issue with it, you can try to file a motion.
>
> Again, every time he tested positive a phone call was made to the Court. The Court at the time said not to arrest him, and then now there's a hearing.
>
> Officer Lozada told him on several occasions that he couldn't use. My supervisor told him he couldn't use. His first probation officer told him he couldn't use. So it wasn't an oversight. We were fully aware and that's why, you know, he was sanctioned, he was given warnings, there was a discussion on several occasions.

Collins's counsel then pointed out that while this testimony was admissible, it could not be the sole basis for a probation violation, and there was no positive test before the court at that point. The following exchange then occurred:

> THE COURT: Take him down and have him tested today. If he's got marijuana in him, arrest him.
>
> DEFENSE COUNSEL: Your Honor, we'll waive the test.
>
> THE COURT: We'll address it next week.
>
> THE BAILIFF: Go down to probation, they're going to test you.

The hearing then concluded.

{¶ 8}   The docket reflects two journal entries issued by the court on October 13, 2021,[1] following this hearing.  The first[2] stated:

> Defendant in court with atty. James Jones.  Prosecutor Frank Zeleznikar present.  PV hearing and hearing on defendants [sic] motion to dismiss community control sanction violation and clarify probation terms filed 9-12-21 held this date.  Evidence presented.  Defendant ordered to report to probation forthwith for drug test.  Arrest if drug tests returned positive.

Presumably, Collins left the building without reporting to the probation department, because the second journal entry stated:

> Defendant failed to show up to probation for drug test.  Capias to issue for defendant, Christopher Collins.

{¶ 9}   On November 8, 2021, Collins filed a motion for bail and suspension of execution of sentence, referring to the "sentence imposed by the court's October 12, 2021 Judgment Entry denying Defendant's Motion to Dismiss Community Control Violation and Clarify Probation Terms and further ordering that Defendant be incarcerated if he 'fails' the court's ordered drug test."

{¶ 10}   The same day, Collins filed a notice of appeal of the same October 13, 2021 journal entry.

{¶ 11}   On February 28, 2022, this court ordered the parties to brief the issue of whether the trial court's October 13, 2021 order constituted a final

---

[1] The docket reflects that the proceeding date for both journal entries was October 12, 2021, and the filing date for both journal entries was October 13, 2021.  Therefore, any references by Collins to the October 12, 2021 journal entry are actually references to the October 13, 2021 journal entry.

[2] Subsequent references to the October 13, 2021 journal entry or order will be referring to this journal entry.

appealable order pursuant to R.C. 2505.02. This court noted that "[t]he record fails to disclose that the original community control sanctions have been revoked and that a prison sentence has been imposed upon the defendant."

{¶ 12} On March 6, 2022, Collins filed a supplemental brief. On May 20, 2022, the state filed a supplemental brief.[3]

**Legal Analysis**

{¶ 13} Our appellate jurisdiction is limited to reviewing judgments and orders that are final, appealable orders. *See* Article IV, Section 3(B)(2), Ohio Constitution. In the absence of a final, appealable order, an appellate court does not have jurisdiction to review the matter and must dismiss the appeal. *Cleveland v. Kopilchak*, 8th Dist. Cuyahoga No. 111240, 2022-Ohio 1408, ¶ 10, citing *Assn. of Cleveland Firefighters, #93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6. Therefore, we have a duty to examine, sua sponte, potential deficiencies in jurisdiction. *Id.*, citing *State v. Goodson*, 8th Dist. Cuyahoga No. 108973, 2020-Ohio-2765, ¶ 7.

{¶ 14} R.C. 2505.02(B) provides that:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

---

[3] This court's February 28, 2022 journal entry ordered the parties to file supplemental briefs by March 9, 2022. The state does not acknowledge that its supplemental brief is untimely or otherwise provide an explanation for the untimeliness.

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

Our review of the record shows that the October 13, 2021 journal entry was not a final, appealable order pursuant to R.C. 2505.02.

{¶ 15} The October 13, 2021 journal entry did not indicate any ruling on Collins's motion to dismiss and clarify, nor did it contain any ruling as to any probation violation by Collins. Rather, the journal entry contained a summary of the hearing that took place and a prospective statement that Collins was to be arrested if he tested positive for drugs.

{¶ 16} Collins argues that the court ruled on his motion when it stated on the record at the October 12, 2021 hearing, "you ain't smoking marijuana while on community control." While we agree that the transcript reflects the court's opinion as to the substantive question of whether medical marijuana use can amount to a probation violation, this is insufficient to create a final, appealable order. Further, even if this statement from the trial court could be interpreted as a denial of Collins's motion, this would be insufficient to create a final, appealable order.

Because a court speaks through its journal entry and not its oral pronouncements, this statement cannot be viewed as ruling on Collins's motion or the alleged probation violation in a manner that complies with R.C. 2505.02. *State v. Marcum*, 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012-Ohio-572, ¶ 6, citing *Reynolds v. Nibert*, 4th Dist. Scioto No. 01CA2771, 2002-Ohio-6133, ¶ 13.

{¶ 17} Collins argues that the October 13, 2021 journal entry is a final, appealable order because the court's threat of jail if Collins submitted a positive drug test implicates a substantial right. While we of course agree that the imposition of a term of imprisonment affects a substantial right, Collins's argument reflects an erroneous interpretation of the record.

{¶ 18} Without having made a determination that Collins violated the terms of his community control, the court could not have imposed a sentence for such a violation — and in fact did not impose such a sentence. *Cleveland v. Cornely*, 8th Dist. Cuyahoga No. 110088, 2021-Ohio-3459, ¶ 8, citing *Bay Village v. Barringer*, 8th Dist. Cuyahoga No. 102432, 2015-Ohio-4079, ¶ 8 (finding that the trial court lacked jurisdiction to modify the defendant's community control sanctions absent a finding of a violation when he was sentenced to a suspended jail term and community control sanctions); *Walton Hills v. Olesinski*, 8th Dist. Cuyahoga No. 109032, 2020-Ohio-5618, ¶ 26 (holding that a trial court lacks jurisdiction to alter a final sentence under R.C. 2929.25(A)(1)(b) of community control sanctions when it did not find that the defendant violated the community control sanctions). The record reflects that presumably, the court *would have* found that Collins violated

the terms of his community control *had he* tested positive. The record does not reflect, however, that either of these things happened. The record also does not reflect that the court revoked Collins's community control sanctions or imposed a prison sentence. Therefore, we dismiss the case for lack of a final, appealable order.

{¶ 19} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., CONCURS (WITH SEPARATE CONCURRING OPINION);
EILEEN T. GALLAGHER, J., CONCURS WITH LEAD OPINION AND WITH SEPARATE CONCURRING OPINION

FRANK DANIEL CELEBREZZE, III, P.J., CONCURRING:

{¶ 20} I concur with the majority's decision that the journal entry of October 13, 2021, was not a final, appealable order, which renders this court without jurisdiction. Nonetheless, I write separately because this appeal presents an ideal opportunity to address the evolving discourse regarding "medical marijuana" as distinguished from "marijuana."

{¶ 21} House Bill 523, legalizing medical marijuana, went into effect on September 8, 2016. As a result, the General Assembly codified Ohio's Medical

Marijuana Control Program under Chapter 3796 of the Ohio Revised Code. "Marijuana" and "medical marijuana" are defined as two separate and distinct substances. R.C. 3796.01. Medical marijuana is defined as "marijuana that is cultivated, processed, dispensed, tested, possessed, or used for a medical purpose." R.C. 3796.01(A)(2). The Medical Marijuana Control Program permits licensed health professionals to recommend medical marijuana to treat a variety of medical conditions, including, but not limited to: Alzheimer's disease, cancer, glaucoma, multiple sclerosis, Parkinson's disease, spinal cord disease or injury, traumatic brain injury, and others. R.C. 3796.01(A)(6). As of May 23, 2022, over 260,000 unique patients have purchased medical marijuana in Ohio and nearly 650 physicians are registered to recommend its use.[4]

{¶ 22} Marijuana is a schedule I controlled substance under R.C. 3719.41. Medical marijuana, on the other hand, is a schedule II controlled substance. R.C. 3796.01(B). Other schedule II controlled substances include opiates, narcotics, stimulants, and depressants. Licensed health professionals are authorized to prescribe schedule II controlled substances pursuant to their practice. R.C. 3719.06(A)(1); Ohio Adm.Code 4729:9-1-02, et seq.

{¶ 23} In the instant matter, appellant states in his brief that he is a cancer survivor and a recovered opiate addict. He suffers from chronic pain because of numerous procedures stemming from cancer complications and has a stent. Pain

---

[4] Program Update: By the Numbers. https://medicalmarijuana.ohio.gov/Documents/ProgramUpdate/program%20update.pdf (accessed May 23, 2022).

management is essential to appellant who holds a steady job, supports a family, and cares for a child; however, his former opiate addiction puts him in a precarious position in terms of pain management. His physician, who is in the best position to evaluate appellant's medical needs, determined that medical marijuana may be a meaningful and effective treatment for appellant. Appellant has held a medical marijuana card since 2019.

{¶ 24} While on community control, appellant was given a general set of guidelines by the community control department that, in pertinent part, directed appellant to

> 4. Submit as directed to observed DNA, drug or alcohol testing. You must provide a sufficient, acceptable and non-dilute sample for the test. *The only controlled substances you are permitted to have or to use are those properly prescribed by your doctor and you must provide proof of prescription.* You are not to eat any foods containing poppy seeds while under supervision.

(Emphasis added.)

{¶ 25} The record contains a current and valid recommendation for appellant's use of medical marijuana to treat his "chronic and intractable pain" as a result of cancer. Thus, an argument can be made that denying appellant the right to use this medical treatment directly contradicts the above guidelines that he was given by the community control department.

{¶ 26} Community control violations are evaluated under an abuse of discretion standard. *State v. Swails*, 8th Dist. Cuyahoga No. 100480, 2014-Ohio-3711, ¶ 12. A trial court abuses its discretion when it acts unreasonably, arbitrarily,

or unconsciably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Considering all the information in the record before us, denying a defendant the use of a physician-authorized treatment for his chronic pain could possibly rise to the level of an unreasonable, arbitrary, and unconscionable action by the court. However, because this appeal did not arise from a final, appealable order, this question is not properly before us as it relates to appellant. We are bound by the limits of appellate jurisdiction, and I must concur with the dismissal.

{¶ 27} This concurrence joins several other Ohio courts that have suggested that holding a medical marijuana card may be an affirmative defense to a community control violation. *See, e.g., State v. Ryan*, 11th Dist. Lake No. 2021-L-032, 2021-Ohio-4059, ¶ 41; *State v. Owens*, 3d Dist. Defiance No. 4-20-08, 2021-Ohio-259, ¶ 17; *State v. Wertman*, 5th Dist. Ashland No. 18 COA 026, 2019-Ohio-7, ¶ 13; *State v. Donoho*, 11th Dist. Geauga No. 2018-G-0151, 2018-Ohio-4950, ¶ 19. Given the legal status of medical marijuana, I see no reason to deny defendants on community control the use of a medical remedy that the General Assembly has specifically authorized licensed health professionals to recommend for treatment.