[Cite as *State v. Forro*, 2022-Ohio-4691.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-P-0014 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JAMES A. FORRO, | Trial Court No. 2020 CR 00337 |
| Defendant-Appellant. | |

# MEMORANDUM
# OPINION

Decided: December 27, 2022
Judgment: Appeal dismissed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David V. Patton*, 34194 Aurora Road, Suite 242, Solon, OH 44139 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, James A. Forro ("Mr. Forro"), appeals from a judgment entry of the Portage County Court of Common Pleas that was issued following a hearing on Mr. Forro's motion to modify probation. The trial court denied his motion to modify, requested additional medical documentation supporting Mr. Forro's request to use medical marijuana, and rescheduled the matter for another hearing in 30 days. Having no final judgment in the matter, we dismiss for lack of a final appealable order.

**Substantive and Procedural History**

{¶2} Mr. Forro pleaded guilty to one count of menacing by stalking, a fourth-degree felony, in violation of R.C. 2903.211(A)(1) and (B)(2)(b). The trial court sentenced

him to five years community control with various conditions, one being to submit to random substance abuse testing.

{¶3} Mr. Forro filed a motion to modify his probation, and the trial court held a hearing on January 31, 2022. The trial court issued a judgment entry denying Mr. Forro's motion. In the same judgment entry, the court requested medical documentation to support his request and rescheduled the matter for thirty days. Mr. Forro filed an appeal from this January 31, 2022 judgment entry, which is the only appealed judgment before us.

{¶4} After oral arguments, the state filed a motion to dismiss for lack of jurisdiction.

**Analysis**

{¶5} Our appellate jurisdiction is limited to reviewing judgments and orders that are final, appealable orders. *See* Ohio Constitution, Article IV, Section 3(B)(2). In the absence of a final, appealable order, an appellate court does not have jurisdiction to review the matter and must dismiss the appeal. *State v. Collins*, 8th Dist. Cuyahoga No. 110994, 2022-Ohio-2143, ¶ 13. Therefore, we have a duty to examine, sua sponte, potential deficiencies in jurisdiction. *Id.*

{¶6} R.C. 2505.02(B) defines the types of orders that constitute a final appealable order:

{¶7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

2

Case No. 2022-P-0014

{¶10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶14} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order."

{¶15} The appealed judgment entry in the instant case does not conform to any of the criteria in R.C. 2505.02(B) for being a final appealable order. Furthermore, the judgment entry contemplates a second hearing on the motion to modify probation and orders Mr. Forro to submit additional evidence on the issue.

{¶16} Appeal dismissed.


JOHN J. EKLUND, P.J.,

JAMES A. BROGAN, J., Ret., Second Appellate District, sitting by assignment,

concur.

Case No. 2022-P-0014