[Cite as *State v. Parks*, 2023-Ohio-3310.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF WARREN,<br><br>                   Plaintiff-Appellee,<br><br>    - vs -<br><br>CHARLES PARKS,<br><br>                   Defendant-Appellant. | CASE NO. 2023-T-0044<br><br><br>Criminal Appeal from the<br>Warren Municipal Court<br><br><br>Trial Court No. 2022 CRB 001607 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: September 18, 2023
Judgment: Appeal dismissed

*Enzo Cantalamessa,* Warren City Law Director, 141 South Street, S.E., Warren, OH 44481 (For Plaintiff-Appellee).

*Jeffrey V. Goodman*, Fowler, Goodman & O'Brien, LPA, Inc., 119 West Market Street, Warren, OH 44481 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant appeals from the trial court's May 23, 2023 entry which states as follows:

{¶2} "Report prepared. Inspection did not take place as contemplated. Inspectors were not allowed access into residence for cursory administrative sweep of residential area to determine if domestic animals were present and if they are being properly cared for—food water and physical condition. Inspection reordered w/i 30 days. Reset matter 6 weeks added as remark on case event."

{¶3} On July 19, 2023, this court issued an order for appellant to show cause why the appeal should not be dismissed for lack of a final appealable order since the appealed entry did not appear to fit into any category for being a final order in R.C. 2505.02, and it contemplates further action in the trial court.

{¶4} Appellant responded on August 3, 2023 indicating that the trial court had no jurisdiction or legal authority to modify the terms and conditions of appellant's probation, sua sponte, and that "the proposed search" affects appellant's substantial right.

{¶5} Our appellate jurisdiction is limited to reviewing judgments and orders that are final, appealable orders. *See* Ohio Constitution, Article IV, Section 3(B)(2). In the absence of a final, appealable order, an appellate court does not have jurisdiction to review the matter and must dismiss the appeal. *State v. Collins*, 8th Dist. Cuyahoga No. 110994, 2022-Ohio-2143, ¶ 13. Therefore, we have a duty to examine, sua sponte, potential deficiencies in jurisdiction. *Id.*

{¶6} R.C. 2505.02(B) defines the types of orders that constitute a final appealable order:

{¶7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

2

{¶11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶14} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order."

{¶15} The appealed entry simply does not conform to any of the criteria in R.C. 2505.02(B) for being a final appealable order. Furthermore, the judgment entry contemplates further action i.e., that a second hearing is to be set in six weeks. *See State v. Forro*, 11th Dist. Portage No. 2022-P-0014, 2022-Ohio-4691.

{¶16} Appeal dismissed.

MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

3