[Cite as *Cleveland v. Congeni*, 2024-Ohio-3304.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                      :

    Plaintiff-Appellee,          :

                                                No. 113418

    v.                           :

NINA CONGENI, ET AL.*,*                  :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** August 29, 2024

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2022-TRC-012642

---

### *Appearances:*

Aquellah Jordan, City of Cleveland Chief Prosecutor, and Stephanie Hall, Assistant Prosecuting Attorney, *for appellee.*

Dunham Law, LLC, and Michael P. Dunham, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Nina Congeni ("Congeni"), appeals the journal entry denying her motion to modify probation to allow her to use medical marijuana for pain treatment. Upon review, we dismiss for lack of a final, appealable order.

## I. Facts and Procedural History

{¶ 2} In August 2022, Congeni was involved in a motor vehicle accident, arrested by Cleveland police, and charged in a Cleveland Municipal Court complaint with driving under the influence of alcohol or drugs ("OVI") in violation of Cleveland Cod.Ord. 433.01. Congeni entered a no contest plea in November 2022 and was found guilty. In December 2022, Congeni was sentenced to 180 days of incarceration, with 177 days suspended, and a one-year license suspension. Congeni was also fined and sentenced to two years of active community control supervision, requiring the completion of a driver's intervention program, three Mothers Against Drunk Driving ("MADD") sessions, and 60 hours of community work service.

{¶ 3} In September 2023, Congeni appeared, pro se, for an in-person hearing regarding Congeni's failure to complete all of the community work service hours and MADD sessions, begin outpatient treatment, or pay restitution. The trial court further noted that Congeni was using marijuana. Congeni advised the court that she had a medical marijuana card from her doctor. The following exchange occurred:

> The Court: Ma'am I can get a medical marijuana card right now, pay $99 and get one, and I don't have not one ailment.
>
> [Congeni]: Well, I do and it helps me.
>
> The Court: Well, it doesn't matter because — it doesn't matter in this courtroom. You cannot use marijuana while you're on probation to me, I know your probation officer told you that.
>
> [Congeni]: Yes.
>
> The Court: I don't care what you bought.
>
> [Congeni]: I've had my doctor for over 20 years.

> The Court: I'm not interested. You're on probation for a DUI, you cannot use substances, illegal substances, period.

(09/20/23, Tr. 3.) The trial court set another hearing date, advising Congeni to go to the public defender's office, and stated, "You better find another way to manage whatever ailments you're claiming to have. Because if you're still positive when you come back here, and you're still using, you're gonna go to jail, you won't use there." *Id.* at 4. A journal entry scheduling the next community control update hearing noted the following conditions: "Get started on a treatment program! No marijuana use." (Judgment Entry, 09/20/23.)

{¶ 4} Prior to the hearing, Congeni, represented by an assistant public defender, filed a motion to modify probation seeking to permit the use of medically prescribed marijuana. Therein, Congeni claimed that she was prescribed medical marijuana because she suffers from severe peripheral neuropathy, early onset degenerative joint and spinal disease, and rheumatologic conditions. Congeni attached a copy of her medical marijuana registry card issued by the Ohio Board of Pharmacy along with a letter from her long-term physician, advising that marijuana has helped Congeni and is recognized as a legitimate treatment for the chronic pain caused by Congeni's health conditions.

{¶ 5} At the second community control update hearing, held November 14, 2023, defense counsel addressed Congeni's motion and requested she be able to use marijuana while on probation. The court advised, "I'm not a fan. There's pain management clinics that deal with those issues that don't involve marijuana but I'll

listen to the Probation Department." (11/14/23, Tr. 3.) A treatment coordinator from the Cleveland Municipal Court's Probation Department advised that the letter from Congeni's doctor stated that her problems were legitimate. He further advised that, depending on the trial court's order, Congeni's treatment facility could either work with her use of medical marijuana or taper her off and find other possible pain management remedies, medications, or treatment options. The trial court stated:

> I am not a fan of medical marijuana. I did not vote for it, for the record.
>
> . . .
>
> It does much more to harm you than it does to help you. And as I stated, there are numerous pain management clinics, in every hospital, to deal with chronic pain. You have an OVI, which means you got behind the wheel of a car already intoxicated. So, what you need to do is ween yourself off because you're not getting a pass from me.
>
> . . .
>
> Or you can just go to jail.

*Id*. at 4-5. Congeni advised that marijuana was not part of her OVI and that it would be difficult to ween herself off because she just started working and, after trying many things, marijuana was the one thing that helped her. The trial court stated, "You either stop using marijuana or you go to jail. It's not negotiable." *Id*. at 6. The trial court advised the probation department's treatment coordinator to "get her started on helping her find some other ways to manage that, while she's on probation" and concluded the hearing stating, "What you do after your off probation is not my business. While you're on probation you are not to use marijuana. That's it. You keep coming back dirty . . . you're going to go to jail." *Id*. at 7. The hearing

ended without the trial court having ruled on Congeni's motion to modify probation. A journal entry was subsequently issued, stating only that the probation department's treatment coordinator is "to work on other pain management options." (Journal Entry, 11/14/23.) The journal entry also does not reflect the trial court's ruling on Congeni's motion.

{¶ 6} Congeni appealed the November 14, 2023 journal entry, raising a single assignment of error for review.

### Assignment of Error

The trial court abused its discretion in denying [Congeni's] motion to modify probation to allow her to use medical marijuana for pain treatment caused by her numerous chronic illnesses.

## II. Law and Analysis

### A. Final Appealable Order

{¶ 7} The jurisdiction of an appellate court to review a trial court's decisions is limited to final, appealable orders. *Rae-Ann Suburban, Inc. v. Wolfe*, 2019-Ohio-1451, ¶ 9 (8th Dist.), citing Ohio Const., art. IV, § 3(B)(2) and R.C. 2505.02, 2505.03. In the absence of a final, appealable order, an appellate court has no jurisdiction to review the matter, and the appeal must be dismissed. *Id.*, citing *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 2017-Ohio-7174, ¶ 7 (8th Dist.) and *Assn. of Cleveland Firefighters, #93 v. Campbell*, 2005-Ohio-1841, ¶ 6 (8th Dist.). This court has a duty to examine potential jurisdictional deficiencies sua sponte. *Id.*

{¶ 8} In relevant part, R.C. 2502.02(B) provides:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

   (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

   (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

Our review of the record reveals that the November 14, 2023 judgment entry is not a final, appealable order under R.C. 2505.02.

{¶ 9} The November 14, 2023 judgment entry does not indicate any ruling on Congeni's motion to modify probation, nor does it contain any ruling as to any probation violation. Rather, the judgment entry contains a note that the probation department's treatment coordinator was to work to find other pain management options for Congeni. And while the transcript reflects the trial court's opinion as to the substantive question of whether medical marijuana use can amount to a probation violation, this is insufficient to create a final appealable order. *See State v. Collins*, 8th Dist. Cuyahoga No. 110994, 2022-Ohio-2143, ¶ 16 (finding that the trial court's statement that "you ain't smoking marijuana while on community

control" cannot be viewed as a ruling on the defendant's motion to dismiss community control sanction violation or clarify probation terms or the alleged probation violation in a manner that complies with R.C. 2505.02). Indeed, "a court speaks through its journal entry, not its oral pronouncements." *Id.*, citing *State v. Marcum*, 2012-Ohio-572, ¶ 6 (4th Dist.), citing *Reynolds v. Nibert*, 2002-Ohio-6133, ¶ 13 (4th Dist.). Since Congeni's motion to modify probation technically remains pending and the record reflects only that the court will presumably find that Congeni violated the terms of her community control if she continues to test positive, there is no final, appealable order. Accordingly, we lack jurisdiction to address Congeni's appeal as the record now stands. Therefore, we dismiss the case for lack of final, appealable order.

{¶ 10} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR